■ EDMUND W. ZEBROWSKI et al., Respondents, v CATHERINE M. R. DENCKLA, Appellant.

It is fundamental that the "proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *see also, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). "Once this showing has been made, however, the burden shifts to the party opposing the motion * * * to establish the existence of material issues of fact" *(Alvarez v Prospect Hosp., supra,* at 324).

In the instant case, the defendant argues that the cause of action to recover damages for breach of contract should be dismissed on the ground that the identical claim had been brought in the Justice Court of the Town of Southampton and was settled in open court. The plaintiffs, however, dispute that they ever agreed to settle this claim and the record is devoid of any evidence of a settlement thereof. Thus, questions of fact exist which preclude summary judgment on this cause of action *(see generally, Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 5).

With respect to the other causes of action, the defendant has failed to set forth any facts which demonstrate a prima facie showing of entitlement to summary judgment. Mangano, P. J., Bracken, Lawrence and Rosenblatt, JJ., concur.