■ LOVCEN CONSTRUCTION Co., INC., Respondent, v JEFFRY K. CULBRETH et al., Appellants and Third-Party Plaintiffs-Appellants. BATRICK STEVANOVIC, Also Known as BATCHO STEVANOVIC and Others, et al., Third-Party Defendants-Respondents. [601 NYS2d 286] —Order of the Supreme Court, New York County (Edith Miller, J.), entered on November 30, 1992, which, *inter alia,* denied appellants' motion for partial summary judgment on the ninth cause of action of the third-party complaint, unanimously modified, on the law, to the extent of granting the motion for partial summary judgment on the ninth and tenth causes of action as against Batrick Stevanovic, and otherwise affirmed, with costs.

On this record, appellant Thomas Farley has come forward with sufficient evidence to sustain their cause of action for intentional infliction of mental distress, and the third-party defendant-respondent has failed to meet his burden of coming forward with sufficient proof to rebut this strong showing. Appellants alleged that while the parties were engaged in litigation arising from a mechanic's lien filed in connection with renovations at a building owned by appellants, hundreds

of hang-up phone calls were made to appellant Farley's home. Appellants established through the Telephone Annoyance Bureau that the harassing calls were made from an apartment rented to third-party defendant Batrick Stevanovic, with the telephone company account in the name of "Panto Medini". Appellants came forward with the lease for the apartment containing the telephone from which the annoyance calls were made. The lease was in the name of Stevanovic. Appellants also produced documentation from the telephone company proving that the hang-up calls were made from the phone in Stevanovic's apartment. To rebut this prima facie showing, respondent states only: "I have not intentionally harassed Farley." This is insufficient to meet the burden of rebutting appellants' prima facie case and establishing the existence of a triable issue of material fact *(Zebrowski v Denckla,* 179 AD2d 807). Accordingly, appellants are entitled to partial summary judgment on the ninth cause of action for intentional infliction of mental distress and on the tenth cause of action for an injunction barring respondent from making further harassing telephone calls to appellants. Concur—Murphy, P. J., Sullivan, Asch and Nardelli, JJ.