■ JOHN R. QUINN, Appellant-Respondent, v GASPER BUFFA, Respondent-Appellant. — In an action to recover damages for breach of contract, the cross appeals are from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated August 3, 1982, which dismissed plaintiff's complaint and defendant's counterclaim. Judgment reversed, on the law, without costs or disbursements, complaint and counterclaim reinstated, and new trial granted. A plain

contract, clear and explicit in its terms, involves only a question of law and the construction of such an agreement is a matter for the court (*West, Weir, & Bartel v Carter Paint Co.,* 25 NY2d 535). Where the meaning is ambiguous the construction involves questions of fact for the jury (*Meathe v State Univ. Constr. Fund,* 65 AD2d 49). Here, the parties' agreement, which obligated plaintiff to secure a performance bond on defendant's behalf, was ambiguous on its face as to the nature of plaintiff's efforts. Since only a bonding company could provide the bond in the literal sense, the parties may have contemplated some form of assistance in obtaining the bond. Whether plaintiff performed by referring defendant to a third party who agreed to act as indemnitor on the bond is a question of fact. In addition, the agreement was ambiguous as to the basis for the sum promised plaintiff. The agreement represented a joint venture by the parties for the dual purpose of "obtaining" a performance bond and "completing" the construction contract. While the amount recited in the agreement could be considered a fee for obtaining a bond it could also be viewed as compensation for services rendered in completing the building contract for which obtaining a performance bond was a prerequisite. Insofar as plaintiff testified that he was not claiming a fee for furnishing the bond but was merely seeking compensation for an alleged partnership interest, his position was consistent with the latter view and does not constitute an admission of nonperformance as a matter of law. Defendant's counterclaim raises further factual issues concerning the circumstances under which the parties' agreement was entered into. Since a rational basis existed by which a jury could have found in favor of either plaintiff's cause of action or defendant's counterclaim, Trial Term erred in dismissing the same prior to submission to the fact-finder (*Le May v Frankel,* 80 AD2d 665; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, pars 4401.14, 4401.15). Lazer, J. P., Thompson, O'Connor and Brown, JJ., concur.