■ GLEN GRAEPEL et al., Appellants, v COUNTY OF NASSAU, Respondent.—In an action, *inter alia,* for a judgment declaring that the defendant has violated certain collective bargaining agreements the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered February 26, 1985, which granted the defendant's motion for summary judgment dismissing the complaint.

Judgment reversed, with costs, and motion denied.

The language in the collective bargaining agreement does not resolve the question whether the "Platoon Duty Schedule" applicable to correction officers satisfies the contractual requirement that "[a]ll officers and employees" covered by the agreement receive compensatory time off for holidays which fall on their scheduled days off. The evidence in the record is insufficient to resolve the ambiguity, and the matter should therefore be determined at a trial by resort to extrinsic evidence concerning the intentions and understandings of the parties at the time of the agreement *(see, Lachs v Fidelity &*

*Cas. Co.,* 306 NY 357, 364; *Piedmont Hotel Co. v Nettleton Co.,* 263 NY 25, 29; 22 NY Jur 2d, Contracts, § 189, at 25). Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.