■ STEPHEN LEON et al., Respondents, v LESLIE LUKASH et al., Appellants.—In an action for a judgment declaring that the defendants breached a collective bargaining agreement by terminating the employment of the plaintiff Leon without a prior hearing, and to compel the reinstatement of the plaintiff Leon with back pay to December 15, 1981, the defendants

appeal from a judgment of the Supreme Court, Nassau County (Becker, J.), dated June 19, 1985, which granted the plaintiffs' cross motion for summary judgment, and, in effect, denied the defendants' motion for summary judgment.

Judgment modified by denying the plaintiffs' cross motion for summary judgment in its entirety. As so modified, judgment affirmed, without costs or disbursements.

When the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment (see, Graepel v County of Nassau, 119 AD2d 800; Quinn v Buffa, 97 AD2d 752, 753). In this case, section 10-1 of the collective bargaining agreement in question provides: "An employee who has passed his probationary period shall be entitled to all the protection of Section 75 of the Civil Service Law." Civil Service Law § 75 in turn provides that persons who fall under four specified categories shall not be removed "except for incompetency or misconduct shown after a hearing". In this case, the plaintiff Leon, an employee in the noncompetitive class who had served in his position as deputy medical examiner for less than one year at the time of his termination, does not fit within any of the four specified categories. The defendants maintain that Leon was therefore not entitled to a hearing prior to termination. The plaintiffs contend that he was entitled to a hearing because section 10-1 of the collective bargaining agreement extended the protection of a hearing provided by Civil Service Law § 75 to all members of the plaintiff union's collective bargaining unit who had passed through their probationary period, regardless of whether they fit within any of the four categories.

Section 10-1 is in fact ambiguous as to whether the protections of Civil Service Law § 75 were to be afforded to persons not statutorily covered, and this ambiguity created an issue of fact which was improperly resolved by Special Term on summary judgment. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.