OPINION OF THE COURT
Karla Moskowitz, J.
This is an action to recover the balance of the purchase price of plaintiff’s interest in a dental practice based on an *767 alleged oral agreement between plaintiff and defendant. Defendant denies that the parties entered into this agreement and asserts as an affirmative defense that any agreement is within the Statute of Frauds and unenforceable.
A. PROCEDURAL HISTORY
This court presided over a nonjury trial on July 14, 1986. Memoranda of law were then submitted. Thereafter, plaintiff moved for a mistrial or to open the trial record. This court denied the motion on October 3, 1986 stating: "Defendant has set forth insufficient nonhearsay documentation to support his contention that a mistrial be declared, a new trial be held or that the record be opened.” On December 18, 1986, the court requested additional memoranda of law on the applicability of UCC 1-206.
B. parties’ contentions
Defendant claims that the oral contract as alleged by the plaintiff, by its terms, could not be performed by defendant within one year and is, therefore, void under the Statute of Frauds. He also asserts that neither part nor full performance by one party will take the oral contract out of the one-year statute, relying on Montgomery v Futuristic Foods (66 AD2d 64 [2d Dept 1978]) and Meyers v Waverly Fabrics (65 NY2d 75 [1985]). Defendant contends that the purpose of the Statute of Frauds is to prevent loss of memory of terms of a contract for a longer time than a year and where everything rests solely on one party’s spoken word. Defendant also asserts a counterclaim for $5,000 on the grounds that this action is without cause and defendant has been forced to hire counsel.
Plaintiff seeks to recover $7,500, the balance of the purchase price of plaintiff’s interest in the dental practice, from defendant based on their oral agreement. Plaintiff claims that the use of the Statute of Frauds defense by defendant does not automatically make the contract void but voidable. Relying on Pando v Fernandez (127 Misc 2d 224 [Sup Ct, NY County 1984], revd on other grounds 118 AD2d 474 [1st Dept 1986]), plaintiff states that where all the conditions and contingencies can be performed within the one-year period except for the act of payment there is no violation of the Statute of Frauds. Plaintiff claims that the transfer of the ownership of the lease and other matters was completed within a few weeks except for payment of the remaining balance.
Plaintiff also asserts that defendant is estopped from using *768 the Statute of Frauds defense on the grounds that there was part performance. He claims a party will be estopped from using the Statute of Frauds defense when part performance is unequivocably referrable to the alleged oral contract and where the party has accepted the benefits of the agreement. Plaintiff states that defendant benefited from their bargain when he took over the premises which he later sold to the remaining dentist in the suite for a large profit. Both have performed except for the matter of payment. Plaintiff further contends that defendant waived his right to assert this defense by failing to object to plaintiff’s testimony concerning the oral agreement.
C. FINDINGS OF FACT
After trial, I find that plaintiff and defendant orally agreed that plaintiff would sell his interest in the lease, equipment and dental business to defendant for $10,000.
The credible evidence shows that in late 1981 plaintiff and defendant met in Dr. Milner’s office at 120 East 62nd Street several times. Plaintiff agreed to put defendant in his place on the lease and leave all the supplies, patients and patient lists in the fully equipped dental office. In return, defendant agreed to pay plaintiff $10,000 over a period of time. He agreed to pay $2,500 up front and $7,500 three years later at 6% interest. Plaintiff received $2,500 over two months’ time directly from defendant and from patients’ endorsed-over checks. Plaintiff gave the landlord a letter to substitute defendant on the lease and left his patients and patient lists for defendant.
Four years later, defendant sold his interest in the office to Dr. Milner for between $54,000 and $75,000, netting a large profit.
Defendant’s version of the oral agreement — that he was to pay plaintiff only $2,500 — as "key money” — is just not credible in light of the location, conceded designer interior, layout and buy-out price for the office share four years later.
Defendant did not adduce any evidence at trial on his counterclaim.
D. CONCLUSIONS OF LAW
Since the parties in the present case agreed that defendant would pay $7,500 three years after the making of the agreement, defendant could not perform his obligations under the alleged contract within one year from the contract’s *769 formation even though plaintiff has fully performed his share of the agreement. Therefore, the agreement is unenforceable ' pursuant to section 5-701 (a) (1) of the General Obligations Law.
Although the oral agreement is unenforceable under General Obligations Law § 5-701, it may be enforceable as an oral agreement for the sale of a business under UCC 1-206. This section provides that:
"(1) Except in the cases described in subsection (2) of this section a contract for the sale of personal property is not enforceable by way of action or defense beyond five thousand dollars in amount or value of remedy unless there is some writing which indicates that a contract for sale has been made between the parties at a defined or stated price, reasonably identifies the subject matter, and is signed by the party against whom enforcement is sought or by his authorized agent.
"(2) Subsection (1) of this section does not apply to contracts for the sale of goods (Section 2-201) nor of securities (Section 8-319) nor to security agreements (Section 9-203).”
The Practice Commentary to UCC 1-206 states that this section applies to what is "not otherwise covered” under other sections of the code. "It covers the sale in the limited area of what are defined in U.C.C. art. 9 as the general intangibles” (Denonn, Practice Commentary, McKinney’s Cons Laws of NY, Book 62/2, UCC 1-206, at 61). UCC 9-106 defines general intangibles as "any personal property (including things in action) other than goods, accounts, contract rights, chattle paper, documents and instruments.” The annotations to section 9-106 explain that "[t]he new term 'general intangibles’ brings under Article 9 miscellaneous types of rights which are personal property and which are used or may become customarily used as commercial security. Examples are good will, literary rights, copyrights, trademarks, patents, rights to performance and others”. (McKinney’s Cons Laws of NY, Book 62½, UCC 9-106, New York Annotations, at 369.)
In an article, Commercial Law (NYLJ, Dec. 17, 1986, at 1, col 1), Professors Gerald McLaughlin and Neil Cohen discuss UCC 1-206 and its application to the pale of a business. They discuss a receiit Federal District Court case which held that UCC 1-206 applied to the sale of a business (California Natural v Nestle Holdings, 631 F Supp 465 [D NJ 1986]). They also explain that unlike UCC 2-201, which renders the entire *770 contract totally unenforceable for lack of a writing, section 1-206 provides for a partially enforceable oral contract up to $5,000.
The case law in New York regarding this specific issue appears to be nonexistent. The only cases this court could find directly on point are California Natural (supra) and Olympic Jr. v David Crystal, Inc. (463 F2d 1141 [3d Cir 1972]). Both California Natural and Olympic (supra) hold that an agreement for the sale of personal property includes the sale of a business within the meaning of UCC -1-206, and the agreement is enforceable without a writing up to $5,000.
In Olympic Jr., a diversity case, the court had to determine whether to apply the local law of New York or New Jersey. The court concluded that since "the law of New York is the same as that of New Jersey in every material respect * * * we are spared the task of choosing which state’s substantive law to apply.” (463 F2d, at 1143, supra.) The court then determined that "[t]here can be little doubt that the alleged agreement to include Olympic [a clothing manufacturer] in the sale of Crystal [a clothing design and material supplier] would be a 'contract for the sale of personal property’ within the meaning of Section 1-206 of the Uniform Commercial Code” (supra, at 1144-1145). The court noted that since the writing was insufficient, section 1-206 would not "act in a way that would bar the contract completely”, but would make "the Contract unenforceable beyond $5,000.” (Supra, at 1145.)
In California Natural (supra), defendant Nestle Holdings, Inc., sought to purchase California Natural, Inc., a small company "principally engaged in the sale and development of 'all-natural fruit and ice cream bars and other premium desserts.’ ” (631 F Supp, at 467, supra.) The court could not determine as a matter of law whether an oral agreement had been reached between the parties for the purchase of California Natural, Inc., by Nestle Holdings, Inc.
However, the court did decide what the legal consequence would be if the parties were found to have entered into an oral agreement. Relying on Olympic Jr. (supra), the court found that a "contract for the sale of 'personal property’ includes the sale of a business and its assets * * * The agreement in the case at bar clearly represents such a sale of personal property and thus will be unenforceable beyond $5000 unless this court determines that there is a [sufficient] writing”. (631 F Supp, at 471, supra.)
*771 The annotations to the New York statute do not specifically list "sale of a business” as a "general intangible”. (McKinney’s Cons Laws of NY, Book 62½, UCC 9-106, New York Annotations, at 368 et seq.) However, the list is merely illustrative and does include "good will” as an example. It is clear, based on the interpretations of this section by the courts, that the sale of a business is precisely the type of transaction contemplated by UCC 1-206.
The Court of Appeals for the Third Circuit and the United States District Court for the District of New Jersey have found that the sale of a business falls within the scope of UCC 1-206. There is no case law in New York which mandates that this court find otherwise. Moreover, the decision in Olympic Jr. (supra) rests on a finding that the substantive law in New York and New Jersey is the same in "every material respect”.
E. CONCLUSION
This court finds that plaintiffs sale of his equipment, and interest in the lease and dental business, including leaving his patients, patient lists and supplies, constituted the sale of a business. Since the sale of a business is included in the definition of personal property (UCC 9-106), section 1-206 of the code controls. Therefore, the oral agreement is enforceable in the amount of $5,000. To this extent, defendant’s motion to dismiss is denied. Defendant’s counterclaim is without merit and is dismissed.
[Portions of opinion omitted for purposes of publication.]