930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
REED MILLER, INC., Darren Cyphers, Plaintiffs-Appellees,
v.
HERTZ SYSTEMS, INC., Defendant-Appellant.
 No. 90-1113.
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises from a contractual dispute between plaintiffs, Reed Miller, Inc. and Darren Cyphers, and defendant Hertz Systems, Inc. Plaintiffs are licensees operating a Hertz rental car agency in Grand Junction, Colorado. They filed suit seeking both monetary and declaratory relief after Hertz alleged they owed approximately $40,000.00 in licensing fees. The district court ruled in favor of plaintiffs. We affirm the district court on the merits, but remand for the limited purpose of assessing interest on the breach of contract damages.
 
 BACKGROUND
 
 3
 The dispute underlying this lawsuit arose out of the classification of vehicles in plaintiffs' rental business. Pursuant to the licensing agreement between the parties, plaintiffs are obligated to pay Hertz four percent of the gross monthly revenue they receive from renting passenger cars. However, they are only obligated to give Hertz three percent of the revenue derived from rental trucks. The controversy here involved the proper classification of Ford Broncos, Chevrolet Blazers, and Suburbans. Plaintiffs have always treated these vehicles as trucks for fees purposes, while Hertz asserts they must be classified as passenger cars.
 
 
 4
 The parties signed this licensing agreement in 1977.[1] From that time through 1987, these vehicles were classified as trucks and fees were paid accordingly. Hertz never objected to this practice. In fact, as late as 1985, Hertz conducted an audit of plaintiffs' business and did not raise the classification issue. At trial, however, Hertz submitted company memoranda dated in 1983 which stated the company's new policy that all Broncos, Blazers, and like vehicles be classified as passenger cars. There was no evidence that plaintiffs ever received a copy of this policy. The licensing agreement has no provision expressly addressing the classification issue.
 
 
 5
 In 1987, Hertz conducted another audit and discovered plaintiffs were paying the three percent truck fee on Broncos, Blazers, and Suburbans. Hertz assessed plaintiffs $40,614.00 as back payments owed. When plaintiffs would not pay this amount, Hertz took the money from the licensees' "RENT IT HERE/LEAVE IT THERE" national charge account. This account is maintained for the purpose of depositing monies paid by customers using Hertz credit cards. In certain circumstances, Hertz has the authority to debit money from this account. However, the company clearly did not have authority in this instance.
 
 
 6
 Plaintiffs filed this action asserting claims for breach of contract and conversion, in addition to a claim seeking declaratory relief. The district court ruled in favor of plaintiffs on both claims and granted declaratory relief, ruling that Broncos, Blazers, and Suburbans are considered trucks for purposes of assessing fees under the existing licensing agreement. Hertz appeals all of these rulings.
 
 DISCUSSION
 
 7
 Under the express provisions of the licensing agreement, the law of New York governs the breach of contract claim. In New York, where the agreement is clear, contractual interpretation is a question of law. See Quinn v. Buffa, 468 N.Y.S.2d 173, 174 (A.D. 2 Dept.1983). Where the contract is ambiguous, however, interpretation of the document is reserved for the factfinder. Id. Determinations regarding whether a contract is ambiguous on its face are for the court. Schmidt v. Magnetic Head Corp., 468 N.Y.S.2d 649, 653 (A.D. 2 Dept.1983). In this regard, the mere omission of an item from the contract does not create an ambiguity. Id. at 654. Rather, whether an ambiguity exists must be ascertained from the face of the contract without resort to extrinsic evidence. Id. It is with these principles in mind that we examine Hertz's claims.
 
 
 8
 Here, the district court appeared to accept plaintiffs' argument that the contract was ambiguous because it contained no provision addressing vehicle classification. We have reviewed the licensing agreement and hold, as a matter of law, that the contract was not ambiguous. The omission regarding classification does not render this otherwise clear agreement ambiguous. However, guided by these principles of contract law, we are still persuaded the district court's disposition was correct.
 
 
 9
 The district court determined this contract, read in its entirety, does not allow Hertz to unilaterally change the classification of vehicles. On appeal, Hertz argues that the broad contract language outlining "The Hertz System"[2] and allowing for its amendment give the company total discretion to mandate vehicle classification. While we do not believe this licensing agreement is ambiguous, we agree with the district court that the "Hertz System" as delineated in the contract does not include the ability to unilaterally alter the classification of vehicles so as to affect profits. The contract simply does not address the issue.
 
 
 10
 From 1977 through 1987, plaintiffs paid fees based on the classification of these vehicles as trucks. Hertz obviously was aware, or should have been aware, of this practice. Because this was standing procedure, and the contract does not allow unilateral change, the attempted reclassification necessarily constitutes an amendment to the contract. Pursuant to the explicit language of Article XIII of the licensing agreement, no "amendment, change or variance" to the agreement can be made unless it is executed in writing and signed by both parties. It is undisputed that no attempt was made to do this.[3] We therefore agree with the district court that Hertz's $40,614.00 assessment and collection constituted a breach of the licensing agreement. It was appropriate for plaintiffs to recover this amount.
 
 
 11
 Our disposition of the breach of contract claim necessarily dictates the result of the other two claims. First, we uphold the district court's declaratory determination that the contract and course of dealings between these parties allowed for classification of Chevrolet Blazers, Ford Broncos, and Suburbans as trucks. This was standing practice which could not be altered unilaterally.
 
 
 12
 Second, our disposition of the breach of contract claim alleviates the need to address the conversion claim. We have already determined plaintiffs are entitled to recoupment of the monies taken from the "RENT IT HERE/LEAVE IT THERE" account. These were the only damages the court granted. For this reason, we need not consider the conversion claim. We do note, however, that the district court granted interest on the judgment based on Colorado statute. Because we are affirming the district court on the breach of contract claim, New York law should apply to any interest on the judgment. See N.Y. CIVIL PRACTICE LAW AND RULES Secs. 5001, 5004 (McKinney 1981).
 
 
 13
 The judgment of the United States District Court for the District of Colorado is REMANDED for the limited purpose of calculating interest on the judgment. The judgment is in all other respects AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Darren Cyphers is the original licensee. He immediately assigned his interest to Reed Miller, Inc. Both parties will be treated as licensees for purposes of this appeal
 
 
 [2]
 The opening paragraph of the contract outlines the "Hertz System." It states:
 WHEREAS, Hertz operates a plan or system ("Hertz System") for conducting the business of renting or leasing vehicles without drivers ("Vehicle Renting Business"), which plan or system includes furnishing to licensees of Hertz and informing and advising them regarding, among other things, methods of operation and accounting, advertising and publicity service, courtesy and charge card service, insurance programs and the style and character of equipment, furnishings and appliances for conducting a Vehicle Renting Business; and ...
 
 
 [3]
 As a corollary, we note that even if the contract allowed for modification without plaintiffs' consent, it would not be valid here because there is no evidence that plaintiffs were ever informed of what was clearly a change in policy