■ ICON MOTORS, INC., Respondent, v EMPIRE STATE DATSUN, INC., et al., Appellants.—In an action to recover a downpayment from an unconsummated agreement to purchase an automobile dealership, the defendants appeal from a judgment of the Supreme Court, Rockland County (Walsh, J.), dated December 14, 1989, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $60,000.

Ordered that the judgment is affirmed, with costs.

Under an agreement to purchase an automobile dealership, the plaintiff purchaser was required to make "submissions" to Nissan Motor Sales in USA (hereinafter Nissan) within 30 days after the execution of the agreement in order to obtain Nissan's approval for the purchase within 60 days. Nissan was then to furnish confirmation that such submissions were made. The contract stated: "[f]ailure to furnish such confirmation within forty (40) days from the date hereof shall constitute conclusive evidence of the failure on the part of the Purchaser to complete said filings within said thirty (30) days' period". Nissan's approval was never obtained. The defendant

sellers retained the downpayment and the plaintiff sued to recover that downpayment.

The defendants, in their motion for summary judgment dated February 2, 1988, contended that the plaintiff had failed to receive confirmation from Nissan within 40 days from when the required "submissions" were made. The plaintiff opposed the motion arguing essentially that it submitted all documents requested by Nissan, and that Nissan had confirmed to the plaintiff within the 30-day period that the documents submitted "were sufficient to be forwarded to California". Notwithstanding the rendition of a jury verdict and an ensuing judgment, we will evaluate the motion for summary judgment as of the time it was made (see, Maguire Leasing Corp. v Falb & Co., 49 AD2d 540).

"When the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment" (Leon v Lukash, 121 AD2d 693, 694; see also, Graepel v County of Nassau, 119 AD2d 800; Quinn v Buffa, 97 AD2d 752, 753). Here, the contract is ambiguous as to what "submissions" were required, what constituted "confirmation" by Nissan, and to whom such "confirmation" was to be given. Although Nissan denied that it received the necessary "submissions" within the required time, and denied that it ever confirmed that the submissions were complete, this simply raised an issue of fact to be decided by the jury. When a court is faced with a motion for summary judgment, it must engage in issue finding rather than issue determination (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395). We, therefore, find that the court properly denied the defendants' motion dated February 2, 1988.

In its motion for summary judgment dated March 20, 1989, the defendants alleged that the plaintiff had failed to exercise its right under the contract to request a 30-day extension of the time limit, and that it had failed to timely cancel the contract. They further argued that an alleged oral modification of the contract was barred by the Statute of Frauds, and that the plaintiff could not rely on the doctrine of equitable estoppel to remove it from the Statute of Frauds, since the plaintiff was already beyond the 60-day time limit, and so already in breach when the oral agreement to extend the time was allegedly made on September 15, 1985. Thus, argued the defendants, the plaintiff did not alter its position to its detriment based on its reliance on the oral agreement, and the doctrine of estoppel was, therefore, inapplicable. We disagree.

Although the 60-day period had run and the plaintiff had not requested an extension of that time within the time allowed to do so, subdivision (g) of paragraph 29 of the contract allowed the plaintiff 90 days in which to cancel the contract. This 90-day period was not contingent upon the plaintiff having requested an extension. Therefore, the plaintiff had until September 17, 1985 (see, General Construction Law § 20) to cancel the contract. If the plaintiff failed to cancel the contract due to its reliance on the alleged oral agreement to extend the 60-day period, then the doctrine of estoppel would be applicable, and the Statute of Frauds would not bar the effectiveness of the oral modification of the agreement (see, Rose v Spa Realty Assocs., 42 NY2d 338). Therefore, a question of fact existed as to whether there had been an oral modification of the contract, and the court properly denied the defendants' motion for summary judgment dated March 20, 1989.

We have examined the defendants' remaining contentions and find them to be without merit. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.