■ SONNY MAWARDI, Also Known as SOLOMON MAWARDI, Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRIT-

ING ASSOCIATION, Appellant.—In an action to recover damages for breach of an insurance contract, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Amann, J.), dated May 23, 1991, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 29, 1984, a windstorm damaged the plaintiff's premises located at 269 Howard Avenue, in Staten Island. The windstorm ripped the shingles off the roof, allowing rain and snow to enter and flood the plaintiff's building over the course of several months.

At the time of the occurrence, the plaintiff was insured by the defendant against all property damage and loss directly caused by windstorms. Specifically, the policy stated:

"We insure for direct loss to the property caused by:

"2. Windstorm or Hail.

"This peril does not include loss:

"a. to the interior of a building or the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of wind or hail damages the building causing an *opening* in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening" (emphasis supplied).

In its cross motion for summary judgment dismissing the plaintiff's complaint, the defendant argued that the insurance policy, by its terms, did not cover the plaintiff's damages, since the removal of shingles did not create an "opening" through which the rain and snow had entered the plaintiff's premises. The defendant also claimed that since the purported damages occurred over a substantial period of time, the plaintiff's loss was not covered because the policy only insured against loss which *directly* resulted from windstorms.

The court denied the defendant's cross motion for summary judgment stating that there were issues of fact concerning the language and terms of the insurance policy. We agree.

Where the language of an insurance contract is ambiguous and susceptible to two reasonable interpretations, resolution of the ambiguities is for the trier-of-fact *(see, State of New York v Home Indem. Co.,* 66 NY2d 669). We find that the term "opening" is ambiguous and could have more than one interpretation, including the damage caused to the plaintiff's roof. Further, although it is not disputed that the windstorm was the direct cause of the initial damage to the plaintiff's property, since the plaintiff allowed the roof to remain in disrepair

for several months, there exists a question of fact as to the extent of the damages which were directly caused by the windstorm. Therefore, we find that the court properly denied the defendant's cross motion for summary judgment dismissing the plaintiff's complaint. Thompson, J. P., Bracken, Sullivan and Santucci, JJ., concur.