■ JACKSON HEIGHTS MEDICAL GROUP, P. C., et al., Appellants-Respondents, v COMPLEX CORPORATION, Defendant and TRANS LEASING INTERNATIONAL, INC., Respondent-Appellant. [634 NYS2d 721] —In an action, inter alia, to recover damages for breach of an equipment lease, the plaintiffs appeal, as limited by their brief, from so much of an order of the

Supreme Court, Queens County (Di Tucci, J.), dated May 4, 1994, as granted the branch of the motion of the defendant Trans Leasing International, Inc. pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint insofar as asserted against it, and Trans Leasing International, Inc., cross-appeals from so much of the same order as denied the branch of the motion which was for summary judgment on its counterclaim.

Ordered that the order is affirmed, without costs or disbursements.

This action arises out of a lease for a computerized medical billing system. In accordance with the parties' discussions, the defendant Complex Corporation (hereinafter Complex) arranged for the plaintiffs, a group of medical doctors, to lease the equipment through the defendant Trans Leasing International, Inc. (hereinafter Trans Leasing). The plaintiffs ceased making the lease payments after 16 months and commenced this action against Complex and Trans Leasing to recover damages for breach of contract and breach of warranty and for rescission of the contract on the ground of fraud. Trans Leasing interposed a counterclaim against the plaintiffs for breach of the lease agreement.

The Supreme Court granted the branch of Trans Leasing's motion pursuant to CPLR 3211 (a) (7), which was to dismiss the complaint insofar as it is asserted against it but denied the branch of the motion which was for summary judgment on its counterclaim on the ground that a triable issue of fact exists. We affirm.

The Supreme Court properly granted the branch of Trans Leasing's motion which was to dismiss the complaint insofar as asserted against it. On the cause of action alleging that the disclaimer of warranties provision of the lease is unconscionable, the plaintiffs have made no showing that they lacked a meaningful choice and did not freely consent to this lease (see, Matter of State of New York v Avco Fin. Serv., 50 NY2d 383). They have also failed to demonstrate that there was an interrelationship between Trans Leasing and Complex such that the defendants structured this transaction with the intent of insulating Complex from damage claims based on breach of warranty (see, Master Lease Corp. v Manhattan Limousine, 177 AD2d 85).

As to the plaintiffs' cause of action to recover damages for fraud, the allegations in support thereof are directly related to the contractual relationship between the plaintiffs and Trans Leasing. It is well settled that a cause of action to recover damages for fraud does not lie where the only fraud alleged relates

to a breach of contract *(see, Courageous Syndicate v People-to-People Sports Comm.,* 141 AD2d 599; *Edwil Indus. v Stroba Instruments Corp.,* 131 AD2d 425; *Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320).

Regarding Trans Leasing's counterclaim for breach of the lease, a review of the lease does not reveal any clause addressing whether the plaintiffs must continue to make payments even if they do not receive full delivery of the equipment. When the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment *(see, Icon Motors v Empire State Datsun,* 178 AD2d 463; *Leon v Lukash,* 121 AD2d 693; *Graepel v County of Nassau,* 119 AD2d 800). In addition, there is an issue of fact as to whether or not the plaintiffs received full delivery of the computer equipment. The Supreme Court therefore properly denied the branch of Trans Leasing's motion which was for summary judgment on its counterclaim. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.