LESLIE A. HYNES, Appellant, v MARTIN BARR et al., Respondents. [639 NYS2d 443]

The plaintiff, a partner of the defendants, brought this action to recover the proceeds of an alleged loan made to the partnership. The defendants moved to dismiss the action, asserting, in essence, that the alleged loan was in fact a capital contribution. The defendants argued, among other things, that the partnership agreement barred loans from entities other than lending institutions and that the only way in which a partner could contribute money to the partnership was by way of a capital contribution. The Supreme Court agreed with the defendants' arguments and granted the motion to dismiss upon the grounds that the partnership agreement furnished a complete defense founded upon documentary evidence *(see,* CPLR 3211 [a] [1]). We now reverse.

The partnership agreement does not by its terms clearly rule out loans by partners to the partnership. Accordingly, its pro-

visions are subject to interpretation and inquiry as to the intent of the partners who entered into the agreement. For that reason, summary judgment is inappropriate *(see generally, Jackson Hgts. Med. Group v Complex Corp.,* 222 AD2d 409; *Icon Motors v Empire State Datsun,* 178 AD2d 463; *see also, 38 Town Assocs. v Barr,* 225 AD2d 613 [decided herewith]).

Moreover, apart from the terms of the agreement, there are questions of fact as to whether the monies advanced were either loans or capital contributions based on the surrounding circumstances and the conduct of the parties *(see, e.g., Ben-Dashan v Plitt,* 58 AD2d 244).

The defendants' remaining arguments are premature at this point. Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.