■ ANDREE WEITZ, Appellant, v MICHAEL SMITH, Respondent. [647 NYS2d 236] —In an action to recover damages, *inter alia,* for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), entered June 14, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Andree Weitz, commenced this action against the defendant, Michael Smith, seeking to enforce an alleged oral agreement consummated between her husband, Louis Weitz, who was acting as her agent, and the defendant Smith. Smith disputes that an oral agreement was reached. According to the plaintiff and her husband, Smith agreed to purchase in her name a certain number of shares of the outstanding common stock of A.T.S. Money Systems, Inc. (hereinafter ATS) from PSI Capital Corp. (hereinafter PSI). Smith was to hold the shares as collateral for two years at which time the plaintiff would pay him the purchase price plus 12% interest and an additional sum of $24,000. The plaintiff alleges that Smith purchased the shares of stock of ATS and then repudiated the alleged oral agreement.

Because the alleged oral agreement could not be performed within a year from its making, it was subject to the Statute of Frauds requirement of a writing. Accordingly, the alleged oral agreement is invalid and unenforceable under the Statute of Frauds since an oral agreement is void when by its terms it cannot be performed within one year from its making (*see,* General Obligations Law § 5-701 [a] [1]; *see also, Bayside Health Club v Weidel,* 170 AD2d 474; *Beldengreen v Ashinsky,* 139 Misc 2d 766).

It is well settled that to recover damages for fraud, the fraud alleged cannot relate to a breach of contract (*see, Jackson Hgts.*

*Med. Group v Complex Corp.,* 222 AD2d 409; *Americana Petroleum Corp. v Northville Indus. Corp.,* 200 AD2d 646, 647-648). In order to state a cause of action to recover damages for fraud, a plaintiff must allege a breach of duty which is collateral or extraneous to the contract between the parties (*see, Americana Petroleum Corp. v Northville Indus. Corp., supra,* at 647). In the instant case, the only fraud alleged relates to the breach of the alleged oral agreement that forms the basis of the plaintiff's breach of contract cause of action. Accordingly, the fraud cause of action was properly dismissed since the plaintiff cannot recast her breach of contract cause of action as one for fraud (*see, Americana Petroleum Corp. v Northville Indus. Corp., supra,* at 648; *McKernin v Fanny Farmer Candy Shops,* 176 AD2d 233, 234; *Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320, 324).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.