■ FEDERATED ASSOCIATES, Appellant, v PERGAMENT DISTRIBUTORS, INC., et al., Respondents. [659 NYS2d 1002] —In an action, *inter alia,* for a judgment declaring the rights of the parties under a sublease, the plaintiff appeals from (1) stated portions of an order of the Supreme Court, Nassau County (Segal, J.), entered September 30, 1996, which, *inter alia,* (a) denied its motion for summary judgment, and (b) granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint, and (2) a judgment of the same court dated November 25, 1996, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order dated September 30, 1996, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint is vacated, that branch of the cross motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a determination, on the merits, of that branch of the defendants' cross motion which was for leave to amend their answer; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

" 'When the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment' " *(Icon Motors v Empire State Datsun,* 178 AD2d 463, 464, quoting *Leon v Lukash,* 121 AD2d 693, 694; *see, Jackson Hgts. Med. Group v Complex Corp.,* 222 AD2d 409, 411). In this case, article 55 of the sublease between the parties is, in fact, ambiguous.

As such, it cannot be determined as a matter of law whether the defendants had the obligation to restore the premises to the condition it was in prior to the beginning of the sublease. The ambiguity regarding the alterations created an issue of fact which was improperly resolved by the Supreme Court on summary judgment *(see, Leon v Lukash, supra,* at 694).

By denying that branch of the defendants' cross motion which was for summary judgment, that branch of the cross motion which was for leave to amend the defendants' answer is no longer academic. Accordingly, that branch of the cross motion is remitted to the Supreme Court, Nassau County, for a determination on the merits.

The plaintiff's remaining contention is unpreserved for appellate review *(see, Green Point Sav. Bank v Oppenheim,* 217 AD2d 571). Bracken, J. P., Santucci, Goldstein and Luciano, JJ., concur.