■ Kɪʀᴋ LᴀGʀᴀsᴛᴀ, Appellant, v Rᴇɪᴅ Eᴛᴛᴀʏʏɪᴍ et al., Respondents. [774 NYS2d 178]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Martin, J.), entered August 27, 2002, which, upon a jury verdict, is in favor of the defendants Reid Ettayyim and Hasham Ettayyim and against him, and (2) a judgment of the same court entered July 16, 2003, which, upon the same jury verdict, is in favor of the defendants Barry Sussman and Marie Sussman and against him.

Ordered that the judgments are affirmed, with one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court correctly declined to give the jury a missing witness charge (*see* PJI3d 1:75 [2004 Supp]) with respect to two of the defendants' doctors who examined the plaintiff after his surgery. The plaintiff failed to establish that the missing witnesses were available, were under the defendants' sole control, and would have been expected to provide material noncumulative testimony favorable to the defense (*see People v Savinon*, 100 NY2d 192, 197 [2003]; *People v Gonzalez*, 68 NY2d 424, 427 [1986]; *Buttice v Dyer*, 1 AD3d 552 [2003]; *People v O'Hara*, 253 AD2d 560 [1998]). Moreover, the Supreme Court properly rejected the plaintiff's request to charge that the defendants were liable for any subsequent aggravation of the injury due to medical malpractice (*see* PJI3d 2:305 [2004 Supp]), since there was no factual basis for such a charge (*see Lebron v St. Vincent's Hosp. & Med. Ctr.*, 261 AD2d 246 [1999]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.

■ Lᴇᴏɴ Pᴇᴛʀᴏʟᴇᴜᴍ, LLC, Respondent, v Tᴀʀᴛᴀɴ Cᴏʀᴘ. et al., Appellants, et al., Defendant. [774 NYS2d 179]—

In an action, inter alia, to recover damages for breach of contract, the defendants Tartan Corp., Tartan Corp. Liquidating Trust, and Stanley Kleinberg, Robert Topper, and Marc Hol-

liday, as Trustees, appeal (1) from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated January 3, 2003, which, inter alia, granted the plaintiff's motion for summary judgment, and (2) so much of an order of the same court dated May 9, 2003, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated January 3, 2003, is dismissed, as that order was superseded by the order dated May 9, 2003, made upon reargument; and it is further,

Ordered that the order dated May 9, 2003, is reversed insofar as appealed from, on the law, and upon reargument, the order dated January 3, 2003, is vacated and the plaintiff's motion for summary judgment is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff commenced the instant action to recover certain condemnation awards paid to the defendant Tartan Corp. (hereinafter Tartan) by the State of New York on three properties the plaintiff purchased from Tartan. The plaintiff contends that it was entitled to the awards pursuant to the express provisions of the contract of sale for substantially all of Tartan's assets. Specifically, the plaintiff maintained that under section 1.01 of the contract, Tartan agreed, inter alia, to transfer to the plaintiff the right to receive "any unpaid award for any taking by condemnation" under the State's power of eminent domain with respect to the three properties sold pursuant to the contract of sale. The State had partially taken these three properties by eminent domain before the time the parties entered into the contract of sale. At the time of closing on the contract of sale, only partial compensation had been paid to Tartan. The Supreme Court, inter alia, granted summary judgment to the plaintiff, finding that the plaintiff was entitled to the condemnation awards under the plain meaning of the contract, and, upon reargument, adhered to its original determination.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Contrary to the Supreme Court's determination, the plaintiff failed to establish its prima facie entitlement to the condemnation awards since the terms of the contract were ambiguous and raised an issue of fact (*see generally Mawardi v New York Prop. Ins. Underwriting Assn.*, 183 AD2d 756 [1992]; *Leon v Lukash*, 121 AD2d 693 [1986]).

The Supreme Court, upon reargument, erred in adhering to

its original determination granting summary judgment to the plaintiff since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*). Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.

JOSEPH LOMBARDI et al., Respondents, v MICHAEL H. HALL et al., Appellants, et al., Defendants. [774 NYS2d 560]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Michael H. Hall, Paul A. Gellert, Robert Redican, and North Shore University Hospital appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated August 12, 2003, as granted that branch of the plaintiffs' cross motion which was to compel disclosure of the personal medical records of the defendant Michael H. Hall concerning testing for hepatitis C to the extent of directing that the records be produced to the court for in camera inspection.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal from the order dated August 12, 2003, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the appeal by the defendants Paul A. Gellert, Robert Redican, and North Shore University Hospital is dismissed, without costs or disbursements, as they are not aggrieved by the portion of the order appealed from (*see* CPLR 5701 [a] [2] [v]); and it is further,

Ordered that the order is reversed insofar as appealed from by Michael H. Hall, on the law, with costs, and that branch of the cross motion which was to compel disclosure of the personal medical records of the defendant Michael H. Hall concerning testing for hepatitis C is denied.

No appeal lies as of right from an order directing an in camera inspection of materials claimed to be privileged in aid of determining a motion to compel discovery (*see* CPLR 5701 [a] [2] [v]; *Navedo v Nichols,* 233 AD2d 378 [1996]; *Garcia v Montefiore Med. Ctr.,* 209 AD2d 208 [1994]).

A party seeking to inspect a defendant's medical records must