■ 1000 NORTHERN OF NEW YORK COMPANY, Appellant, v GREAT NECK MEDICAL ASSOCIATES et al., Respondents. (And a Third-Party Action.) [775 NYS2d 884]—

In an action to recover damages for breach of contract and on an account stated, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered December 13, 2002, as denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff landlord leased certain premises to the defendants pursuant to a lease with an expiration date of February 28, 2002. Prior to the expiration date, the defendants vacated the premises, and subsequently entered into a surrender agreement with the plaintiff. Under the surrender agreement, the defendants agreed not to assign or otherwise transfer their rights under the lease provided that the plaintiff used commercially-reasonable efforts to re-let the premises so as to reduce the defendants' rent obligations for the time remaining under the lease. Thereafter, the plaintiff commenced this action to recover damages for breach of contract and on an account stated for nonpayment of rent from August 2001 through December 2001.

Contrary to the plaintiff's assertion, the Supreme Court properly denied that branch of its motion which was for summary judgment on the cause of action to recover damages for breach of contract."When the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment" (*Leon v Lukash,* 121 AD2d 693, 694 [1986]; *see Federated Assoc. v Pergament Distribs.,* 240 AD2d 622 [1997]). Here, the surrender agreement was ambiguous as to the circumstances under which the plaintiff was obligated to use commercially-reasonable efforts to re-let the premises. Since there are triable issues of fact as to whether the plaintiff was obligated to use commercially-reasonable efforts to re-let the premises and failed to do so, the issue cannot be resolved as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]).

Moreover, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on its cause of action to recover on an account stated. Generally, where a defendant receives and retains a plaintiff's rent invoices without objection within a reasonable period of time, an account stated has been established (*see Sandvoss v Dunkelberger,* 112 AD2d 278, 279 [1985]). Self-serving, bald allegations of oral protests are insufficient to raise a triable issue of fact as to the existence of an account stated (*see Darby & Darby v VSI Intl.,* 95 NY2d 308, 315 [2000]). Here, the defendants set forth specific, as opposed to general, allegations of protest in support of their position, as they related to whom and when their objections to the rent invoices were made, which were sufficient to rebut an inference of an implied agreement to pay the stated amount (*see Sandvoss v Dunkelberger, supra* at 279). Ritter, J.P., Smith, H. Miller and Goldstein , JJ., concur.