Leon Petroleum, LLC, Respondent, v Tartan Corp. et al., Appellants, et al., Defendant. [789 NYS2d 75]—

Motion by the appellants for leave to reargue appeals from two orders of the Supreme Court, Nassau County (Warshawsky, J.), dated January 3, 2003, and March 9, 2003, respectively, which were determined by decision and order of this Court dated March 29, 2004.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated March 29, 2004 (*Leon Petroleum v Tartan Corp.*, 5 AD3d 737 [2004]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of contract, the defendants Tartan Corp., Tartan Corp. Liquidating Trust, and Stanley Kleinberg, Robert Topper, and Marc Holliday, as Trustees, appeal from (1) an order of the Supreme Court, Nassau County (Warshawsky, J.), dated January 3, 2003, which granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability under the first and second causes of action and, in effect, denied those branches of its motion which were for summary judgment dismissing those causes of action, and (2) so much of an order of the same court dated May 9, 2003, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated January 3, 2003, is dismissed, as that order was superseded by the order dated May 9, 2003, made upon reargument; and it is further,

Ordered that the order dated May 9, 2003, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the prior determination granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability under the first and second causes of action and substituting therefor a provision, upon reargument, denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the order dated January 3, 2003, is modified accordingly.

The plaintiff commenced the instant action to recover certain

condemnation awards paid to the defendant Tartan Corp. (hereinafter Tartan) by the State of New York on three properties that the plaintiff purchased from Tartan. The plaintiff contends that it was entitled to the awards pursuant to the express provisions of the contract of sale for the three subject properties. Specifically, the plaintiff maintained that under section 1.01 of the contract, Tartan agreed, inter alia, to transfer to the plaintiff the right to receive "any unpaid award for any taking by condemnation" under the State's power of eminent domain with respect to the three properties sold pursuant to the contract of sale. The State had partially taken these three properties by eminent domain before the time the parties entered into the contract of sale. At the time of closing on the contract of sale, only partial compensation had been paid to Tartan.

The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability under the first and second causes of action alleging breach of contract, and, in effect, denied those branches of Tartan's motion which were for summary judgment dismissing those causes of action. The Supreme Court determined that the plaintiff was entitled to the condemnation awards under the express terms of the contract, and, upon reargument, adhered to its original determination.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). Here, the terms of the contract were ambiguous and raised an issue of fact (*see generally Mawardi v New York Prop. Ins. Underwriting Assn.,* 183 AD2d 756 [1992]; *Leon v Lukash,* 121 AD2d 693 [1986]). Thus, contrary to the Supreme Court's determination, the plaintiff was not entitled to summary judgment on the issue of liability under the first and second causes of action because it failed to establish its entitlement to the condemnation awards. However, the denial of those branches of Tartan's motion which were for summary judgment dismissing the first and second causes of action was proper.

The Supreme Court, upon reargument, erred in adhering to that portion of its original determination which granted summary judgment to the plaintiff on the issue of liability under the first and second causes of action, as the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. However, the Supreme Court properly adhered to that portion of its original determination which denied summary judg-

ment to Tartan dismissing those causes of action (*see generally Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*). Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.