■ Marc DiLorenzo, Respondent, v Estate Motors, Inc., Appellant. [802 NYS2d 516]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals (1) from a judgment of the Supreme Court, Westchester County (Murphy, J.), entered May 21, 2004, and (2), as limited by its reply brief, from so much of an amended judgment of the same court entered June 23, 2004, as, upon an order of the same court dated April 6, 2004, granting that branch of the plaintiff's motion which was for summary judgment on the claim to recover damages for breach of a

contract to sell him a Mercedes Benz SL55 and denying that branch of the defendant's cross motion which was for summary judgment dismissing that claim, is in favor of the plaintiff and against it in the principal sum of $45,500.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for summary judgment on the claim to recover damages for breach of a contract to sell him a Mercedes-Benz SL55 is denied, the order dated April 6, 2004, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,

Ordered that one bill of costs is awarded to the defendant.

When the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment (*see DePasquale v Daniel Realty Assoc.,* 304 AD2d 613 [2003]; *Federated Assoc. v Pergament Distribs.,* 240 AD2d 622 [1997]; *Icon Motors v Empire State Datsun,* 178 AD2d 463 [1991]; *Leon v Lukash,* 121 AD2d 693, 694 [1986]). Whether a contract is ambiguous is a question of law for the court (*see Argento v Argento,* 304 AD2d 684 [2003]; *JJFN Holdings v Monarch Inv. Props.,* 289 AD2d 528, 531 [2001]).

Contrary to the Supreme Court's conclusion, the phrase "price based on MSRP" contained in the contract to sell the plaintiff a Mercedes-Benz SL55 is in fact ambiguous and subject to different interpretations. Therefore, that branch of the plaintiff's motion which was for summary judgment on the claim to recover damages for breach of the contract to sell the plaintiff a Mercedes-Benz SL55 should have been denied and that branch of the defendant's cross motion which was for summary judgment dismissing that claim was properly denied, as issues of fact exist which can only be resolved at trial (*see DePasquale v Daniel Realty Assoc., supra*). Moreover, there is an issue of fact as to whether the parties intended to conclude the contract despite the fact that the sales price was not settled (*see* UCC 2-305 [1]; *Marquette Co. v Norcem, Inc.,* 114 AD2d 738 [1985]).

The defendant's remaining contentions are either without merit or are not properly before this Court. H. Miller, J.P., Adams, Spolzino and Fisher, JJ., concur.