■ SALVATORE DeCICCO, Appellant, v SYOSSET CENTRAL SCHOOL DISTRICT et al., Respondents. [824 NYS2d 669]—In an action, inter alia, for a judgment declaring that the defendants breached a stipulation of settlement between the parties, the plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered November 3, 2004, as denied his motion for summary judgment, (2) a decision of the same court (Cozzens, Jr., J.) entered November 23, 2004, and (3) a judgment of the same court (Cozzens, Jr., J.) dated August 19, 2005, which, upon the decision, is in favor of the defendants and against him dismissing the complaint, and the defendants cross-appeal from so much of the order entered November 3, 2004, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the appeal and the cross appeal from the order entered November 3, 2004 and the appeal from the decision are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal and the cross appeal from the intermediate order entered November 3, 2004, must be dismissed because the right of direct appeal therefrom terminated with the entry of judg-

ment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order entered November 3, 2004, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appeal from the decision must be dismissed as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]).

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Here, the terms of the stipulation were ambiguous and thus raised a triable issue of fact (*see Weiss v Weinreb & Weinreb*, 17 AD3d 353, 354 [2005]; *Yonkers Racing Corp. v Catskill Regional Off-Track Betting Corp.*, 159 AD2d 615, 621 [1990]). Accordingly, the Supreme Court properly denied summary judgment (*see Gray v Pashkow*, 79 NY2d 930, 932 [1992]; *Leon Petroleum, LLC v Tartan Corp.*, 14 AD3d 598, 599-600 [2005]).

At trial, it was the plaintiff's burden to establish that the defendants failed to comply with the terms of the stipulation (*see Bazak Intl. Corp. v Mast Indus.*, 73 NY2d 113, 122 [1989]; *Canick v Canick*, 122 AD2d 767, 768 [1986]). A review of the record reveals that the plaintiff failed to sustain this burden (*see Rinaldi & Sons v Wells Fargo Alarm Serv.*, 39 NY2d 191, 194 [1976]; *Zuckerberg v Blue Cross & Blue Shield of Greater N.Y.*, 108 AD2d 56, 58 [1985], *affd* 67 NY2d 688 [1986]). Accordingly, the Supreme Court's determination should not be disturbed. Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.