■  In the Matter of EIGHT OF SWORDS, LLC. DINA DICENSO, Appellant; DAVID WALLIN, Respondent. [946 NYS2d 248]—

In a proceeding pursuant to Limited Liability Company Law § 702 for judicial dissolution of Eight of Swords, LLC, the petitioner appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated January 13, 2011, which, after a hearing, inter alia, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The petitioner and the respondent are the two sole members of the subject limited liability company, Eight of Swords, LLC (hereinafter LLC), which operates a tattoo shop in Williamsburg, Brooklyn. They formed the LLC without ever entering into an operating agreement as required by Limited Liability Company Law § 417 (a). Consequently, the LLC is subject to the "numerous sections in the [Limited Liability Company Law] that set forth default provisions applicable to the limited liability company" (*Matter of Spires v Lighthouse Solutions, LLC*, 4 Misc 3d 428, 433 [2004]; *see* Limited Liability Company Law §§ 401-704; *Matter of 1545 Ocean Ave., LLC*, 72 AD3d 121, 129 [2010]; *Manitaras v Beusman*, 56 AD3d 735, 736 [2008]).

Despite the petitioner's contentions to the contrary, the

Supreme Court correctly determined that she held only a minority interest in the LLC. The court appropriately based its findings upon the petitioner's contributions to the LLC, which overwhelmingly consisted of services rendered to the LLC in the form of preparing and filing start-up documentation and performing activities associated with the renovation of the business's premises (*see* Limited Liability Company Law § 501). As the Supreme Court found, the petitioner's loan to the LLC did not constitute a capital contribution (*see e.g. Hynes v Barr*, 225 AD2d 588 [1996]).

Moreover, the Supreme Court providently exercised its discretion in denying the petition to dissolve the LLC pursuant to Limited Liability Company Law § 702, based upon its findings that the purpose of the LLC was being achieved and that the LLC remained financially feasible (*see Matter of 1545 Ocean Ave., LLC*, 72 AD3d at 131). The evidence adduced at the hearing fully supports the court's finding that the primary purpose of the LLC was to operate a tattoo shop at which the respondent worked as the primary tattoo artist. The petitioner's claim that the purpose of the LLC included the allocation of management responsibilities of the members of this member-managed LLC is unsupported by the evidence. On appeal, the petitioner does not dispute the court's finding that the operation of the LLC continued to be financially feasible. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.