■ MIDWAY PARIS BEAUTY SCHOOLS, Appellant, v TRAVELERS INSURANCE COMPANY, Respondent. [614 NYS2d 200] —In an action to recover the proceeds of an insurance policy, the plaintiff appeals from an order of the Supreme Court, Queens County (Di Tucci, J.), entered August 18, 1992, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The court correctly dismissed the complaint as untimely because the plaintiff did not commence this action within 24 months of the loss as required by the policy conditions. "Evidence of communications or settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel" *(Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968). That the defendant made partial payment on the plaintiff's claim does not compel reversal, since the record contains evidence that the defendant disputed part of the claim, and "[t]his is not the stuff of waiver or estoppel which could lull anyone into a belief that the 'negotiations' had passed from contention into settlement" *(Kaufman v Republic Ins. Co.,* 35 NY2d 867, 868).

Finally, the plaintiff's untimely commencement of this action is not excused by the defendant's subsequent untimely appearance. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.