■ CIBAO CORP., Appellant, v ROYAL INDEMNITY COMPANY, Respondent. [614 NYS2d 302] —In an action to recover the proceeds of a fire insurance policy, the plaintiff appeals from an order of the Supreme Court, Kings County (Golden, J.), dated November 9, 1992, which denied its motion for summary judgment or, in the alternative, to strike the defendant's sixth affirmative defense, and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

It is settled law that "[e]vidence of communications or settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel" *(Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968; *see, Midway Paris Beauty Schools v Travelers Ins. Co.,* 204 AD2d 521; *Warhoftig v Allstate Ins. Co.,* 199 AD2d 258). "Waiver is an intentional relinquishment of a known right and should not be lightly presumed" *(Frank Corp. v Federal Ins. Co., supra,* at 968; *see, Blitman Constr. Corp. v Insurance Co.,* 66 NY2d 820). Here, the plaintiff offered no evidence from which a clear manifestation of intent by the

defendant to relinquish the protection of the contractual limitations period could be reasonably inferred. Nor do the facts show that defendant, by its conduct, otherwise lulled the plaintiff into sleeping on its rights under the insurance contract. Accordingly, we find that the hearing court properly granted summary judgment to the defendant, who tendered sufficient evidence to demonstrate the absence of any material issue of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320). O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.