(January 23, 1996)

■ FRED COLLINS et al., Respondents, v HAYDEN ON THE HUDSON CONDOMINIUM et al., Appellants. [637 NYS2d 51] —Order of the Supreme Court, Bronx County (Alan Saks, J.), entered July 14, 1994, which adjudicated defendant board of managers of the Hayden on the Hudson Condominium in contempt, and which directed the board to repair plaintiffs' condominium apartment, unanimously reversed, to the extent appealed from, on the law, the facts and in the exercise of discretion, the finding of contempt vacated and injunctive relief denied, without costs.

This is an action for breach of contract arising out of a fire in plaintiffs' residence, a condominium unit, on July 4, 1986, according to the complaint dated September 7, 1988. Now in its eighth year, this litigation has thus far been the subject of three appeals and four applications to this Court for interim relief. However, the parties are no closer to submitting the merits of their respective positions for adjudication than they were at the preliminary conference. Indeed, it is a preliminary conference order that is the subject of the present appeal.

Plaintiffs maintain that the board of managers of the condominium violated an order, issued at the preliminary conference held February 3, 1993 and reiterated in an order dated May 13, 1993, in which they were "directed to forthwith commence repairs of the conceded common elements." In the order on appeal, Supreme Court granted, without hearing, plaintiffs' motion to hold defendant board of managers in contempt "for its defiance of the preliminary conference order" and "for its failure to restore plaintiffs' unit at least in accordance with the specifications contained as part of * * * plaintiff's moving papers". The court found that "defendants are obligated to repair plaintiffs' condominium unit at least to the extent described in the March 13, 1987 correspondence attached as part of * * * plaintiff's moving papers".

That the contempt order must be reversed is a relatively simple determination. First, what portion of the premises constitute "common elements" of the condominium subject to the board's obligation to repair is at the very heart of the dispute between the parties. This Court, in affirming the denial of plaintiffs' motion for partial summary judgment, previously ruled that "a full trial is necessary to determine which elements of the condominium are the responsibility of the plaintiffs and of the Board to repair" (*Collins v Hayden on the Hudson Condominium*, 181 AD2d 479). Second, the documents relied upon by Supreme Court to support the order of contempt were exchanged prior to the commencement of this action in connection with an offer of settlement extended by the board to plaintiffs by letter dated February 24, 1987. As such, they are not admissible as a concession of liability (Richardson, Evidence § 225 [Prince 10th ed]; Fisch, NY Evidence §§ 796, 797 [2d ed]; *see, Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968; *Midway Paris Beauty Schools v Travelers Ins. Co.*, 204 AD2d 521 [communications or settlement negotiations insufficient, without more, to support waiver or estoppel]). Plaintiffs do not contend, nor does anything in the record before us suggest, that the offer was ever accepted so as to impose upon the board of managers a binding obligation to effect the proposed repairs.

Plaintiffs point to a second order of this Court in support of the alleged concession, by the board, that the condominium is responsible for certain repairs to their unit. However, that decision is an affirmance of the preliminary conference order of February 3, 1993 only to the extent that the order, "which merely directs the Condominium to restore the *conceded* common elements of plaintiffs' townhouse, does no more than require defendants to do that which they concede they must do. It does not require the Condominium to repair items disputably not common elements and which may not be the Condominium's responsibility" (*Collins v Hayden on the Hudson Condominium*, 197 AD2d 482, 482-483 [emphasis in original]). The record on the instant appeal now makes clear that, contrary to the impression the parties managed to convey both to Supreme Court and later to this Court, there are no undisputed common elements of the condominium remaining to be repaired.

Disposition of this appeal does not materially advance the course of this litigation beyond the point reached in March 1992 when we held that a full trial is necessary to determine the extent of the respective parties' responsibility to undertake repairs. The primary issue raised by this dispute is, as noted, the extent of the condominium's responsibility to repair dam-

age to plaintiffs' unit. The liability asserted to be imposed on the board of managers is predicated on their obligation to maintain certain insurance on the premises and to make repairs, as required by article 7 (§ 3) of the condominium declaration. This provision reflects the requirements of Real Property Law §§ 339-bb and 339-cc. Central to the question of the scope of the board's responsibility is a determination of which items damaged in the fire constitute common elements (Real Property Law § 339-i) and which are improvements, decorations and furnishings.

Plaintiffs concede that they have received some $110,000 from the board's insurance carriers, paid in settlement of plaintiffs' action against the insurance companies. In the event the board of managers is found to be responsible for repairing some part of the fire damage, secondary issues presented are whether liability extends beyond the coverage afforded by the policies in effect at the time of the loss, what effect the settlement has on the board's liability and the extent to which damage within the board's area of responsibility exceeds the amount received by plaintiffs.

Finally, we note that this is a breach of contract action in which certain provisions of the subject condominium declaration are governed by the Real Property Law. The complaint's augmentation of this dispute to encompass 19 causes of action including negligence, breach of fiduciary duty and willful breach of contract serves to focus neither the court's nor the parties' attention on the substantive issues presented (*see, Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 211). Concur—Murphy, P. J., Rubin, Kupferman and Williams, JJ.