PHC William St. Condo, LLC v 156 William St. Owner LLC (2024 NY Slip Op 05547)

PHC William St. Condo, LLC v 156 William St. Owner LLC

2024 NY Slip Op 05547

Decided on November 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rosado, O'Neill Levy, Michael, JJ. 

Index No. 157011/22 Appeal No. 3000-3001 Case No. 2023-05421, 2023-05561 

[*1]PHC William Street Condo, LLC, Plaintiff-Appellant-Respondent,
v
156 William Street Owner LLC, et al., Defendants-Respondents-Appellants.

PHC William Street Condo, LLC, Plaintiff-Appellant,
v
156 William Street Owner LLC, Defendant-Respondent, 156 William Street Retail, LLC, Defendant.

Wollmuth Maher & Deutsch LLP, New York (Joseph F. Pacelli of counsel), for appellant-respondent/appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Andrea J. Caruso of counsel), for 156 Williams Street Retail, LLC, respondent-appellant.
Hogan Lovells US LLP, New York (Claude G. Szyfer of counsel), for 156 William Street Owner LLC, respondent-appellant/respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about September 28, 2023, which, to the extent appealed from as limited by the briefs, granted the motions of defendants 156 William Street Owner LLC (Owner) and 156 William Street Retail LLC (Retail) to dismiss the breach of the implied covenant of good faith and fair dealing claim against them, with leave to replead as a breach of contract claim as against Owner, unanimously modified, on the law, to grant plaintiff leave to replead the claim against Retail under the condominium declaration as contemplated by the Condominium Act, and otherwise affirmed, without costs.
The motion court properly determined that the allegations in the complaint did not fit within the elements of a claim for breach of the implied covenant of good faith and fair dealing as against either defendant. With respect to defendant Owner, the court properly dismissed the implied covenant claim with leave to replead as a direct breach of contract claim. There is no dispute that the condominium declaration is an enforceable contract as between plaintiff and Owner (see e.g. Collins v Hayden on Hudson Condominium, 223 AD2d 434, 436 [1st Dept 1996]). The motion court providently granted plaintiff leave to replead its claim as a breach of contract under the express provisions of the governing documents as plaintiff seeks a specific right to ingress and egress, and a claim for breach of the covenant of good faith and fair dealing "cannot create new contract rights or defeat express contract provisions" (Rapson Invs. LLC v 45 E. 22nd St. Prop. LLC, 180 AD3d 614, 615 [1st Dept 2020]).
As to the breach of implied covenant claim against Retail, the motion court properly determined that this was the wrong vehicle for enforcing the declaration between condominium unit owners (see e.g. Keefe v New York Law School, 71 AD3d 569, 570 [1st Dept 2010]). However, plaintiff should be allowed to replead the claim against Retail under the relevant provisions of the Condominium Act (Real Property Law § 339-d et seq.). Under Real Property Law § 339-j, an aggrieved unit owner may maintain an action for violations of the governing documents (see Weiss v Vishnepolsky, 224 AD3d 564, 565 [1st Dept 2024]). Under Real Property Law § 339-dd, the board of managers may institute an action "relating to the common elements or more than one unit." Since we routinely permit condominium unit owners to rely on the terms and obligations set forth in the declaration to assert claims against other unit owners (see e.g. P360 Spaces LLC v Orlando, 160 AD3d 561, 561-562 [1st Dept 2018]), leave to replead is appropriate to the extent a claim can be stated in the manner contemplated by the Condominium Act.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: November 12, 2024