OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, defendant’s motion for summary judgment granted, and the question certified answered in the negative.
This court has repeatedly held that in order to obtain summary judgment, movant must establish its defense or cause of action sufficiently to warrant a court’s directing judgment in its favor as a matter of law (Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068). The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests (see, Zuckerman v City of New York, 49 NY2d 557, 562, supra). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient” for this purpose (Zuckerman v City of New York, 49 NY2d 557, 562, supra).
Here, defendant insurer, by citing the insurance policy’s 12-month limitations period, satisfied its burden of producing *968 evidence which, if uncontroverted, is sufficient to warrant judgment in its favor as a matter of law. Plaintiff, on the other hand, has not met its burden of demonstrating the existence of any material triable issue of fact. The evidence in the record shows that subsequent to the expiration of the contractual limitations period defendant continued to investigate plaintiffs claim. There were four meetings between plaintiffs chief financial officer and one of defendant’s representatives, and a number of telephone contacts between the parties. Eventually, plaintiff was offered $8,000 "without prejudice” in full satisfaction of its stated claim of over $100,000 — an offer which plaintiff rejected. No other evidence was presented in support of plaintiffs claim of waiver and/or estoppel.
Evidence of communications or settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel (see, Blitman Constr. Corp. v Insurance Co., 66 NY2d 820, 823; Kaufman v Republic Ins. Co., 35 NY2d 867, 868; Proc v Home Ins. Co., 17 NY2d 239, 245; Van Hoesen v Pennsylvania Millers Mut. Ins. Co., 86 AD2d 733; Allen v Dutchess County Mut. Ins. Co., 95 App Div 86, 89). Waiver is an intentional relinquishment of a known right and should not be lightly presumed (see, S & E Motor Hire Corp. v New York Indem. Co., 255 NY 69, 72; 5 Williston, Contracts §§ 696, 697, at 338-340 [3d ed 1961]). Plaintiff offers no evidence from which a clear manifestation of intent by defendant to relinquish the protection of the contractual limitations period could be reasonably inferred (see, Kiernan v Dutchess County Mut. Ins. Co., 150 NY 190, 195). Nor do the facts show that defendant, by its conduct, otherwise lulled plaintiff into sleeping on its rights under the insurance contract (see, Kiernan v Dutchess County Mut. Ins. Co., 150 NY 190, 195, supra). Indeed, since the conduct complained of occurred subsequent to expiration of the limitations period, plaintiff could not have relied on that conduct in failing to timely commence its action.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.