■ CULINARY INSTITUTE OF AMERICA, Appellant, v AETNA CASUALTY & SURETY COMPANY, Respondent.—In an action to recover the proceeds of an insurance policy, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Beisner, J.), entered May 27, 1988, which (1) upon granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff, and (2) denied as moot the plaintiff's cross motion pursuant to CPLR 4317 (b) for an order of reference to determine a long account.

Ordered that the order and judgment is affirmed, with costs.

The defendant issued a "Comprehensive Dishonesty Disappearance and Destruction Policy" to the plaintiff effective July 29, 1982. Thereafter, the plaintiff discovered an employee defalcation scheme which involved six of its employees. Section 8 of the policy at issue provides, in pertinent part: "No action shall lie against the Company * * * unless commenced within two years from the date when the insured discovers the loss".

On June 28, 1985, the plaintiff wrote a letter to the defendant in which it stated that "the discovery date for our loss was January 12, 1984". The plaintiff instituted this action on or about July 16, 1986. Therefore, the action was not commenced within two years from the discovery of the loss, and the action was untimely. Upon this record, the defendant satisfied its burden of producing evidence sufficient to warrant judgment as a matter of law in its favor based on the contractual two-year period of limitations (see, Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557, 562).

In opposition, the plaintiff asserts that there are issues of fact as to whether the defendant waived its rights under the contract and/or is estopped from asserting the time limitation as a defense. Our review of the record, however, indicates that the evidence submitted by the plaintiff is insufficient to raise a triable issue of fact as to waiver or estoppel. In letters dated April 4, 1984 and May 30, 1985, the defendant expressly warned the plaintiff that "our attention to this matter is not to be construed as a waiver of any terms of the bond". Although the defendant granted the plaintiff several written extensions of its time to file a proof of loss form, the form itself contained a legend in bold face type: "Furnishing of

Proof of Loss forms is without prejudice. All rights and defenses are reserved and the conditions of the BOND or POLICY are not waived".

Also, it is the rule that "[e]vidence of communications or settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel" (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968). The plaintiff has offered no evidence from which a clear manifestation of intent by the defendant to relinquish the protection of the contractual limitations period could be reasonably inferred (see, Gilbert Frank Corp. v Federal Ins. Co., supra). In addition, the plaintiff failed to establish that the defendant, by its conduct, lulled the plaintiff into "sleeping on its rights under the insurance contract" (see, Gilbert Frank Corp. v Federal Ins. Co., supra, at 968; Kiernan v Dutchess County Mut. Ins. Co., 150 NY 190, 195). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint as untimely.

Finally, in view of the dismissal of the complaint, the plaintiff's cross motion was properly denied as moot. Kunzeman, J. P., Kooper, Spatt and Harwood, JJ., concur.