■ DAVID BRESNICK, Respondent-Appellant, v FAYE FARQUA-HAR, Defendant, and CRYSTAL HOUSE OWNERS, INC., Appellant-Respondent.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered on or about March 8, 1989, which, *inter alia,* granted the motion of defendant, Crystal House Owners, Inc. (Crystal) for summary judgment, only to the extent of striking the ninth paragraph of the complaint, and granted the cross motion of the plaintiff, only to the extent of directing defendant Crystal to produce certain subletting records for inspection by the plaintiff, is unanimously reversed to the extent appealed from, on the law and on the facts, motion of defendant Crystal for summary judgment is granted in its entirety, complaint is dismissed, and cross motion of plaintiff is denied in its entirety, without costs.

Crystal House Owners, Inc. owns a cooperative residential apartment building (premises), which is located at 200 East 24th Street, New York County. In October 1981, Mr. David Bresnick became the proprietary lessee of apartment 1409 in those premises.

Thereafter, on November 18, 1987, Mr. Bresnick commenced an action against Ms. Faye Farquahar, who was a past president of the board of directors (Board) of Crystal, and Crystal for a declaratory judgment, an injunction, and money damages. The complaint, in substance, alleges that defendants have illegally harassed plaintiff in his efforts to sublet and/or sell his apartment, and have failed to properly repair the roof of the premises. Issue was joined, and discovery commenced.

Subsequently, by order, Supreme Court, New York County (David H. Edwards, Jr., J.), dated March 24, 1988, the complaint was dismissed against Ms. Farquahar.

Thereafter, defendant Crystal moved for summary judgment, and plaintiff cross-moved for, *inter alia,* a declaratory judgment, and further discovery. The IAS court disposed of the motion and cross motion, in substance, as follows: (1) granted the motion of defendant Crystal only to the extent of striking the ninth paragraph of the complaint, which sought damages for the improper repair of the roof; and (2) granted the cross motion, only to the extent of directing defendant Crystal to produce certain subletting records for inspection by plaintiff. Defendant appealed, and plaintiff cross-appealed.

Our review of the record indicates plaintiff claims that defendant Crystal and Ms. Farquahar allegedly engaged in a pattern of harassment when they rejected his applications to sublet, in January 1987, to a bank executive and to sell, in June 1987, to a physician. In response, the defendant Crystal offers testimonial and documentary evidence which indicates that it acted in accordance with the house rules of Crystal when the Crystal Board turned down those applications, upon the grounds that the potential sublet tenant attempted to take occupancy before the Board gave its approval, and the potential buyer's application was incomplete since, *inter alia,* financing had not been obtained. Significantly, in his examination before trial, plaintiff conceded that the potential sublet tenant needed prior Board approval in order to take occupancy, and the potential buyer submitted an incomplete application.

We held in *Bachman v State Div. of Human Rights* (104 AD2d 111, 114 [1st Dept 1984]) that "[i]n the absence of discriminatory practices prohibited by law, the directors of a residential housing cooperative have the contractual and inherent power to approve or disapprove the transfer of shares and the assignment of proprietary leases".

Based upon our examination of *the record,* we find that plaintiff's contention that defendant Crystal and Ms. Farquahar engaged in a pattern of harassment is unsupported by objective evidence.

In order to defeat summary judgment, "[t]he party opposing the motion * * * must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests" *(Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967 [1988]). We will not refrain from granting summary judgment when the party opposing summary judgment, like plaintiff, only offers "mere conclusions, expressions of hope or unsubstantiated allegations or

assertions" *(Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Accordingly, we grant defendant Crystal's motion for summary judgment, dismiss the complaint, and deny plaintiff's cross motion.

We have considered the contentions contained in the plaintiff's cross appeal, and find them to be without merit. Furthermore, we note, in any event, they are now moot. Concur— Kupferman, J. P., Sullivan, Ross, Asch and Wallach, JJ.