■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Plaintiff, v POWER AUTHORITY OF THE STATE OF NEW YORK, Defendant, CITY OF NEW YORK, Respondent-Appellant, CRABHOUSE OF DOUGLASTON, INC., Appellant-Respondent and Third-Party Plaintiff, and LEISURE MANAGEMENT CORP., Respondent-Appellant-Respondent, et al., Third-Party Defendant.—Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered January 4, 1991, which granted defendant City of New York's motion for partial summary judgment on its cross claims against defendants Crabhouse of Douglaston, Inc. and Leisure Management Corp. on the issue of liability only, denied an immediate assessment of damages as premature, and denied the cross-motions of defendants Crabhouse and Leisure Management for summary judgment dismissing defendant City's cross claims against them, unanimously modified, on the law, to grant the cross-motion to the extent of dismissing so much of the cross-claims as seeks indemnification for payment prior to January 15, 1981, and otherwise affirmed, without costs.

The City's cross-claims are to be deemed interposed as of January 15, 1987, when the complaint was served (CPLR 203 [c]; *Imperial Outfitters to Large Men v Genesco, Inc.,* 95 AD2d

755, *affd* 68 NY2d 732). Thus, as the City concedes, any attempt by it to recoup from Crabhouse and Leisure, in indemnification, payments made on electricity bills prior to January 15, 1981 is barred by the six-year Statute of Limitations (CPLR 213).

Otherwise, the court properly awarded partial summary judgment to the City, there being no evidence from which a clear manifestation of intent by the City to relinquish its contractual right can be reasonably inferred *(Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968). Nor was any evidence adduced that the City was aware that charges for the electricity consumption in issue represented usage by Crabhouse. The City's request for an assessment of damages is based upon facts developed subsequent to the order and judgment appealed from, and should be addressed to the IAS court in a motion pursuant to CPLR 2221. Concur—Milonas, J. P., Kupferman, Ross and Smith, JJ.