■ PATRICIA SAXENA, Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant. [648 NYS2d 689] —In an action to recover under a property insurance policy, the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), dated October 27, 1995, which denied its motion for leave to amend its answer and for summary judgment dismissing the complaint, and granted the plaintiff's cross motion for summary judgment on the third cause of action in her complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

The defendant issued the plaintiff an insurance policy on real property she owned. The policy provided, *inter alia,* that in the event of a loss either party could demand an appraisal if they could not agree upon the amount of the loss. The policy further provided that an action against the insurer must be commenced within two years of the date of the loss.

On January 5, 1990, the plaintiff's property was damaged by a fire. A second loss occurred on April 15, 1991, when the premises were vandalized. The parties were unable to agree upon the amount of the losses. Pursuant to the policy, the defendant made a demand for an appraisal. The plaintiff did not contact the defendant until approximately one year after the demand was made. When she did so, the defendant denied her claim based on her default in complying with the demand for an appraisal and the fact that more than two years had passed since the fire loss occurred. The plaintiff subsequently commenced this action to recover for the two losses.

The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was for leave to amend its answer to add the plaintiff's failure to comply with the appraisal provisions of the policy as an affirmative defense. Pursuant to CPLR 3025 (b), leave to amend pleadings is to be freely given unless the proposed amendment is palpably improper or would cause substantial prejudice to the opposing party *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Matter of Ward v Bennett,* 214 AD2d 741; *Hunt v Godesky,* 189 AD2d 854). Since the plaintiff neither alleged nor demonstrated any prejudice, the defendant's request for leave to amend should have been granted.

Further, that branch of the defendant's motion seeking summary judgment should have been granted based on the amended answer. The insurance policy provided: "If we and you disagree on the values of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser." In a letter dated September 17, 1991, the defendant designated its appraiser and demanded that the plaintiff name an appraiser within 20 days. The plaintiff did not respond until approximately one year later and first designated an appraiser in response to the defendant's motion for summary judgment. The plaintiff's contention that she was not required to respond because the defendant did not name an impartial appraiser is unsupported by statute or case law. Although the policy did not set a time limit for a response, the plaintiff was required to respond within a reasonable time *(see, Chainless Cycle Mfg. Co. v Security Ins. Co.,* 169 NY 304). Her failure to do so constituted a material breach of the policy.

Even if the plaintiff had not breached the policy, the defendant would be entitled to dismissal of that portion of the complaint which seeks to recover for the fire loss because this action was commenced more than two years after the date of that loss. The plaintiff's contention that the policy limitations period was tolled by the defendant's demand for an appraisal is without merit. "Evidence of communications or settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel" *(Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968; *see also, Culinary Inst. v Aetna Cas. & Sur. Co.,* 151 AD2d 638). The plaintiff has not offered any evidence from which a clear manifestation of intent by the defendant to relinquish the protection of the contractual limitations period could reasonably be inferred *(see, Frank Corp. v Federal Ins. Co., supra; Culinary Inst. v Aetna Cas. & Sur. Co., supra).* Nor is there any evidence that the defendant, by its conduct, lulled the plaintiff into "sleeping on [her] rights under the insurance contract" *(Frank Corp. v Federal Ins. Co., supra, at 968; Culinary Inst. v Aetna Cas. & Sur. Co., supra,* at 639). Indeed, the plaintiff unreasonably delayed in responding to the demand for an appraisal *(see, Chainless Cycle Mfg. Co. v Security Ins. Co., supra).*

In light of the foregoing, we need not address the defendant's remaining contention. Bracken, J. P., Copertino, Altman and Hart, JJ., concur.