■ Loretta Dominguez, Respondent, v Community Health Plan of Suffolk, Inc., et al., Defendants, and Richard D. Hamburg, Appellant. [659 NYS2d 776] —In an action to recover damages for medical malpractice and wrongful death, the defendant Richard D. Hamburg, M.D. appeals from (1) a decision of the Supreme Court, Suffolk County (Hall, J.), dated May 3,

1996, and (2) so much of an order of the same court, entered June 10, 1996, as denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him. The appeal from the order brings up for review so much of an order of the same court, entered November 26, 1996, as, upon reargument, adhered to the determination in the order entered June 10, 1996 *(see,* CPLR 5517 [b]).

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order entered June 10, 1996, is dismissed, as that order was superseded by the order entered November 26, 1996, made upon reargument; and it is further,

Ordered that the order entered November 26, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Once the movant has made a prima facie showing of entitlement to summary judgment, it is incumbent upon the party opposing the motion to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 326-327; *Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). Here, the Supreme Court properly denied the appellant's cross motion for summary judgment inasmuch as the plaintiff's submissions demonstrated the existence of issues of fact regarding whether the claimed delay in diagnosis impaired the plaintiff's decedent's opportunity to avoid permanent damage *(see generally, Zuckerman v City of New York,* 49 NY2d 557). Miller, J. P., Joy, Goldstein and Florio, JJ., concur.