■ AFFORDABLE AUTO REPAIR, INC., Appellant, v TRAVELERS INDEMNITY COMPANY et al., Respondents. [739 NYS2d 271] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered June 8, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants established, prima facie, that the action was barred by the two-year limitations period contained in the insurance policy issued to the plaintiff (*see, Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967; *Proc v Home Ins. Co.,* 17 NY2d 239; *Roberts v New York Prop. Ins. Underwriting Assn.,* 253 AD2d 807; *Costello v Allstate Ins. Co.,* 230 AD2d 763; *Ienaro v Travelers Indem. Co.,* 86 AD2d 859, 860).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants either waived or were estopped from asserting the limitations defense. The defendants' communications regarding the investigation of the claim were insufficient to establish estoppel, and the plaintiff offered no evidence of other conduct by the defendants which lulled it into sleeping on its rights under the insurance policy (*see, Gilbert Frank Corp. v Federal Ins. Co., supra* at 968; *Proc v Home Ins. Co., supra* at 246; *Grumman Corp. v Travelers Indem. Co.,* 288 AD2d 344; *Saxena v New York Prop. Ins. Underwriting Assn.,* 232 AD2d 622, 623). Furthermore, the plaintiff offered "no evidence from which a clear manifestation of intent by [the] defendant[s] to relinquish the protection of the contractual limitations period could be reasonably inferred" (*Gilbert Frank Corp. v Federal Ins. Co., supra* at 968; *see, Saxena v New York Prop. Ins. Underwriting Assn., supra; Culinary Inst. of Am. v Aetna Cas. & Sur. Co.,* 151 AD2d 638, 639). Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.