■ JAMES J. McGIVNEY, Appellant, v LIBERTY MUTUAL FIRE INSURANCE COMPANY, Respondent. [759 NYS2d 379] —In an action to recover damages for breach of an insurance contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated June 5, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. "Evidence of communications or

settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel" (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]; *see Shah v Cambridge Mut. Fire Ins. Co.*, 304 AD2d 815). The plaintiff failed to offer any evidence "from which a clear manifestation of intent by the defendant to relinquish the protection of the contractual limitations period could be reasonably inferred" (*Gilbert Frank Corp. v Federal Ins. Co.*, *supra* at 968). The facts do not show that the plaintiff was misled or lulled into inactivity, thereby losing his right to sue. Therefore, the defendant's motion for summary judgment dismissing the complaint was properly granted (*see Culinary Inst. of Am. v Aetna Cas. & Sur. Co.*, 151 AD2d 638, 639 [1989]; *McGoey v Insurance Co. of N. Am.*, 57 AD2d 945 [1977]). Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.