■ Arnold Marshel, Appellant, v Thomas F. Farley et al., Respondents, et al., Defendants. [800 NYS2d 760]—

In an action to recover damages for fraud and breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated September 17, 2003, as granted the motion of the defendant Thomas F. Farley to dismiss the complaint

insofar as asserted against him, and as granted that branch of the separate motion of the defendants Dennis Pilotti, Dennis Pilotti, Jr., Tracy J. Kelly, Paragon Resorts, Inc., East Coast Athletic Club, Inc. and Peak Health Club, Inc., which was to dismiss the cause of action alleging fraud insofar as asserted against the defendants Dennis Pilotti, Dennis Pilotti, Jr., Tracy J. Kelly and Paragon Resorts, Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Since no cause of action to recover damages for fraud will arise when the only fraud charged relates to a breach of contract, the Supreme Court correctly dismissed the cause of action alleging fraud insofar as asserted against the respondents (*see Guerrera v Foundation Tit. & Escrow Corp.*, 303 AD2d 456 [2003]; *Crowley Mar. Assoc. v Nyconn Assoc.*, 292 AD2d 334 [2002]; *Weitz v Smith*, 231 AD2d 518, 519 [1996]; *Courageous Syndicate v People-to-People Sports Comm.*, 141 AD2d 599, 600 [1988]; *Jackson Hgts. Med. Group v Complex Corp.*, 222 AD2d 409 [1995]). Moreover, " '[u]nder ordinary circumstances, an attorney who does not represent a party may only be held liable to that party upon a showing of fraud or collusion, or a malicious or tortious act' " (*Nihalani v Tekhomes, Inc.*, 177 AD2d 484 [1991], quoting *Krasne v Gedell*, 147 AD2d 616, 618 [1989]). Since there was no showing in this case that the attorney Thomas F. Farley acted fraudulently, collusively, maliciously, or tortiously in advising his clients, who allegedly broke their contract with the plaintiff, the Supreme Court properly dismissed the complaint insofar as asserted against the attorney. Adams, J.P., Krausman, Spolzino and Fisher, JJ., concur.