■ CARLE PLACE UNION FREE SCHOOL DISTRICT, Appellant, v BAT-JAC CONSTRUCTION, INC., Defendant, and AMERICAN SAFETY CASUALTY INSURANCE COMPANY et al., Respondents. [813 NYS2d 748]—

In an action, inter alia, to recover upon a performance bond, and to recover damages for breach of contract and fraud, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Warshawsky, J.), entered September 30, 2004, which granted the motion of the defendant American Safety Casualty Insurance Company for summary judgment dismissing the complaint insofar as asserted against it as time-barred, granted the motion of the defendant Turner Construction Company pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action, and denied its cross motion for summary judgment dismissing the fourth affirmative defense of the defendant American Safety Casualty Insurance Company, and (2) so much of an order of the same court entered January 28, 2005, as denied that branch of its motion which was pursuant to CPLR 3211 (e) for leave to replead its fraud cause of action.

Ordered that the order entered September 30, 2004 is modified, on the law, by deleting the provision thereof granting the motion of the defendant American Safety Casualty Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying that motion; as so modified, the order entered September 30, 2004 is affirmed, and the complaint is reinstated as against that defendant; and it is further,

Ordered that the order entered January 28, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant American Safety Casualty Insurance Company, and one bill of costs is awarded to the defendant Turner Construction Company, payable by the plaintiff.

By contract dated February 17, 2000 the defendant Bat-Jac Construction, Inc. (hereinafter Bat-Jac), agreed to act as the general contractor on a construction project for the plaintiff Carle Place Union Free School District (hereinafter the School District). Bat-Jac obtained a performance bond for the project from the defendant American Safety Casualty Insurance Company (hereinafter American). The defendant Turner Construction Company (hereinafter Turner) entered into a construction management consulting contract with the School District whereby Turner agreed, inter alia, to inspect the work on the project "to determine whether it [was] in accordance with the Contract Documents" and to assist the School District's "[a]rchitect in reviewing and processing requisitions for payment." By July 2001 Bat-Jac ceased work on the project and had been declared in default of its contract. The School District sought to enforce the performance bond. Extensive interaction ensued between the School District and American, lasting several years, concerning, inter alia, the scope and cost of the work left to be performed on Bat-Jac's contract. However, no agreement was ever reached.

On April 6, 2004 the School District commenced this action, inter alia, to recover on the performance bond and to recover damages for breach of contract and fraud. American moved for summary judgment dismissing the complaint insofar as against it based on its fourth affirmative defense alleging that the action had not been commenced within the contractual period of limitation of the performance bond. Pursuant to the terms of the bond, an action had to be commenced within two years of the earliest of three dates: the date that Bat-Jac defaulted on the project, the date that Bat-Jac stopped work on the project, or the date that American refused or failed to perform its obliga-

tions under the performance bond. Here, American noted, this action was not commenced until nearly three years after Bat-Jac both stopped working on the project and was declared in default. The School District cross-moved to dismiss that affirmative defense, arguing that American either waived the contractual period of limitation or was estopped from interposing it. Turner moved to dismiss the School District's fifth cause of action as against it alleging fraud and/or reckless misrepresentation, and which contained a claim for punitive damages. The School District opposed that relief. The School District subsequently moved for leave to replead that cause of action. The Supreme Court, inter alia, granted the motions of American and Turner, and denied the School District's cross motion and that branch of its motion which was pursuant to CPLR 3211 (e) for leave to replead its fraud cause of action. We modify.

In support of its motion for summary judgment, American demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it as time-barred (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]). In opposition, the School District failed to raise a triable issue of fact as to whether American waived its right to interpose the contractual period of limitation (*see Gilbert Frank Corp. v Federal Ins. Co., supra* at 968; *McGivney v Liberty Mut. Fire Ins. Co.*, 305 AD2d 559, 560 [2003]). However, the School District did raise a triable issue of fact as to whether the extensive interaction between the parties after Bat-Jac's default, including, inter alia, payments made to subcontractors by American pursuant to a related materials bond issued on the project, constituted more than mere communications or settlement negotiations between an insurer and its insured, and misled or "lulled [it] into sleeping on its rights" under the performance bond (*Gilbert Frank Corp. v Federal Ins. Co., supra* at 968; *see McGivney v Liberty Mut. Fire Ins. Co., supra; Saxena v New York Prop. Ins. Underwriting Assn.*, 232 AD2d 622 [1996]). Thus, a triable issue of fact exists as to whether American may be estopped from interposing the contractual period of limitation as a defense, and its motion for summary judgment dismissing the complaint insofar as asserted against it as time-barred should have been denied.

The Supreme Court properly dismissed the School District's fifth cause of action as against Turner to recover damages for "fraudulent and/or reckless misrepresentation" and its claim for punitive damages. A cause of action to recover damages for fraud does not lie when the only fraud charged relates to a

breach of contract (*see Marshel v Farley*, 21 AD3d 935 [2005]). Further, in opposition to Turner's prima facie demonstration of entitlement to judgment as a matter of law dismissing the plaintiff's claim for punitive damages, the plaintiffs failed to raise a triable issue that Turner's alleged conduct was so gross, wanton, or willful, or of such high moral culpability, as to warrant an award of such damages (*see Outside Connection, Inc. v DiGennaro*, 18 AD3d 634 [2005]). Finally, the Supreme Court properly denied that branch of the School District's motion which was for leave to replead its fraud cause of action. The School District failed to demonstrate that it had "good ground" to support such a cause of action (CPLR 3211 [e]; *see Lesesne v Lesesne*, 292 AD2d 507, 509 [2002]).

The School District's remaining contentions are without merit. Ritter, J.P., Rivera, Spolzino and Covello, JJ., concur.