■ Individuals Securities, Ltd., Appellant, v American International Group, Inc., et al., Respondents. [826 NYS2d 92]—

In an action to recover damages for fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated March 17, 2005, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The facts underlying the complaint arose from the defendants' failure to cover the plaintiff's alleged loss under the terms of a securities dealer blanket bond (hereinafter the bond). The plaintiff discovered the loss in February 1989 and reported it to the defendants in May or June of 1989. Under the terms of the bond, any legal proceeding for recovery of a loss thereunder had to be commenced by the plaintiff no later than 24 months after the discovery of the loss. The defendants commenced an investigation of the claim in June or July of 1989. By the end of August 1989 the plaintiff's counsel advised the defendant that, if the matter were not resolved shortly, the plaintiff would have "no alternative but to institute suit under the [bond]." Two days later, the defendant's counsel replied that the investigation was ongoing, that the defendants continued to reserve their

rights under the bond, and that the plaintiff should proceed as it saw fit, "including [by commencing an action] against National Union if you deem same advisable." This action, denominated as one to recover damages for "fraud," was commenced nearly 13 years later, and seeks primarily to recover the full face amount of the bond.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. A cause of action to recover damages for fraud does not lie when, as here, the only fraud charged relates to the breach of a contract (see *Carle Place Union Free School Dist. v Bat-Jac Constr., Inc.,* 28 AD3d 596, 598-599 [2006]; *Marshel v Farley,* 21 AD3d 935, 936 [2005]). The record in this case contains no evidence that the defendants violated any duty extraneous to the bond thereby giving rise to an actionable tort (see *Saidai v Security Ins. Co. of Hartford,* 9 AD3d 420, 421 [2004]).

Moreover, to the extent the complaint may be construed as stating a cause of action alleging breach of contract, the defendants established their prima facie entitlement to judgment as a matter of law by showing that such cause of action is time barred (see *Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967-968 [1988]; *Saidai v Security Ins. Co., supra; cf. Carle Place Union Free School Dist. v Bat-Jac Constr., supra*). In opposition, the plaintiff failed to raise any triable issue of fact (see *Gilbert Frank Corp. v Federal Ins. Co., supra* at 968; *Dailey v Mazel Stores,* 309 AD2d 661, 663-664 [2003]; *McGivney v Liberty Mut. Fire Ins. Co.,* 305 AD2d 559, 559-560 [2003]; *Affordable Auto Repair v Travelers Indem. Co.,* 292 AD2d 477 [2002]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.