■ IRA MARLOWE, Appellant, v FERRARI OF LONG ISLAND, INC., Respondent, et al., Defendant. [876 NYS2d 165]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 6, 2007, which granted the motion of the defendant Ferrari of Long Island, Inc., in effect, for summary judgment dismissing all of the causes of action in the complaint insofar as asserted against it except the cause of action seeking a refund of a $2,000 deposit.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted that branch of the motion of the defendant Ferrari of Long Island, Inc. (hereinafter the defendant), which was to dismiss the plaintiff's cause of action to recover damages for fraud insofar as asserted against it. "A cause of action to recover damages for fraud does not lie when the only fraud charged relates to a breach of contract" (*Carle Place Union Free School Dist. v Bat-Jac Constr., Inc.,* 28 AD3d 596, 598-599 [2006]; *see Marshel v Farley,* 21 AD3d 935 [2005]; *34-35th Corp. v 1-10 Indus. Assoc.,* 2 AD3d 711, 712 [2003]; *Page v Muze, Inc.,* 270 AD2d 401 [2000]; *Germain v Staten Is. Boat Sales,* 248 AD2d 507 [1998]). Here, the defendant demonstrated, prima facie, that it did not make any material representations concerning an intention to perform a duty which is collateral or extraneous to the purported contract between the parties (*see Alamo Contract Bldrs. v CTF Hotel Co.,* 242 AD2d 643 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact.

Likewise, the court properly granted that branch of the motion which was to dismiss so much of the complaint insofar as asserted against the defendant as sought punitive damages. In opposition to the defendant's prima facie demonstration of entitlement to judgment as a matter of law on this branch of the motion, the plaintiff failed to raise a triable issue of fact as to whether the alleged conduct was so gross, wanton, or willful, or of such high moral culpability, as to warrant an award of such damages (*see Carle Place Union Free School Dist. v Bat-Jac Constr., Inc.,* 28 AD3d at 598-599; *Outside Connection, Inc. v DiGennaro,* 18 AD3d 634 [2005]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dillon, Dickerson and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 34025(U).]