**O & E GROWERS, INC.,**
**Plaintiff–Appellant,**

v.

**SELECTIVE INSURANCE COMPANY OF AMERICA, Defendant–Appellee.**

No. 08–2764–cv.

United States Court of Appeals, Second Circuit.

June 1, 2009.

Howard E. Berger, Duke, Holzman, Photiadis & Gresens LLP, Buffalo, N.Y., for Plaintiff–Appellant.

Mark T. Whitford, Jr., Hiscock & Barclay, LLP, Rochester, N.Y., for Defendant–Appellee.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant O & E Growers, Inc. ("O & E") appeals from a judgment of the United States District Court for the Western District of New York (Curtin, *J.* ), entered May 8, 2008, 2008 WL 2003783, denying its motion for summary judgment, granting defendant-appellee Selective Insurance Company of America's ("Selective") cross-motion for summary judgment, and dismissing O & E's complaint. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The district court dismissed O & E's complaint on the grounds that (1) it was barred by the doctrine of *res judicata,* and (2) it was barred by the two-year contractual limitations period set forth in the insurance policy. We agree with the district court on both grounds.

In this action, O & E principally seeks a declaration that it has a right to recover replacement cost following actual replacement of the insured building. There is no dispute that O & E did not raise this exact claim in the prior action. The question, therefore, is whether this claim could have been raised in that action. The answer

" 'depends *in part* on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.' " *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 287 (2d Cir.2002) (quoting *Woods v. Dunlop Tire Corp.,* 972 F.2d 36, 38 (2d Cir. 1992)). "To determine whether two actions arise from the same transaction . . ., 'we look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' " *Id.* (quoting *Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir.2001)).

■ We agree with the district court that O & E's claim for replacement cost in this action arises from the same transaction as did its prior claim. Furthermore, the facts underlying each claim plainly are related given that each claim focused on the extent of coverage provided by the same provision of the same insurance policy following the same loss event. O & E simply seeks the same relief in this action—a declaration of its right to recover replacement cost—as it sought in the prior action, just under a different theory. Consequently, its claim is barred by the doctrine of *res judicata.*

■■ In the alternative, O & E's claim is barred by the policy's two-year limitations provision, which requires all legal actions to be "brought within 2 years after the date on which the direct physical loss or damage occurred." O & E's loss occurred on March 8, 2001, more than six years before it commenced this action. Its argument that the two-year period did not start to run until July 2006, when the jury rendered its verdict in the first action, is without merit. The terms of the insurance policy, not the jury's verdict, determined the existence of coverage. Further, O & E's argument that Selective waived the limitations period or is estopped from raising it as a defense similarly lacks merit. Although O & E alleges that it was "lulled" into believing that Selective was not going to invoke the limitations period, any comments by Selective, to the extent it made any at all, were made in 2006, more than three years after the limitations period expired. Thus, those comments could have had no impact on O & E's decision not to bring this claim before the expiration of the limitations period. *See Gilbert Frank Corp. v. Fed. Ins. Co.,* 70 N.Y.2d 966, 525 N.Y.S.2d 793, 520 N.E.2d 512, 514 (1988) ("Nor do the facts show that defendant, by its conduct, otherwise lulled plaintiff into sleeping on its rights under the insurance contract. Indeed, since the conduct complained of occurred subsequent to expiration of the limitations period, plaintiff could not have relied on that conduct in failing to timely commence its action." (citation omitted)).

We have considered O & E's arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**