Concordance Healthcare Solutions LLC v Kori Capital Inc. (2023 NY Slip Op 01761)

Concordance Healthcare Solutions LLC v Kori Capital Inc.

2023 NY Slip Op 01761

Decided on April 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2023

Before: Webber, J.P., Oing, Gesmer, Mendez, Shulman, JJ. 

Index No. 654450/21 Appeal No. 17629 Case No. 2022-03583 

[*1]Concordance Healthcare Solutions LLC, Respondent,
v
Kori Capital Inc., Defendant, PAF Statutory Trust, Appellant.

Liberman Canna LLP, New York (Brett G. Canna of counsel), for appellant.
Bryan Cave Leighton Paisner LLP, New York (Chris LaRocco of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about July 28, 2022, which denied defendant PAF Statutory Trust's motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiff stated a cause of action for breach of contract by alleging, among other things, that the parties had entered into an escrow agreement with PAF as escrow agent and that PAF failed to provide a full refund of the escrow funds when required under the agreement. Furthermore, despite PAF's position otherwise, the escrow agreement was not modified by the December 28, 2020 letter from defendant Kori Capital Inc. to plaintiff (the transfer letter). Neither the transfer letter, which plaintiff and Kori both signed, nor the confirmation plaintiff sent to PAF the next day unambiguously constituted a "joint instruction" to transfer the $5,691,600 in escrow funds out of escrow. On the contrary, although the transfer letter instructed PAF to change the account in which the funds were being held, the letter could properly be interpreted to allow the funds to remain in escrow, especially because the escrow agreement specifically allowed the escrow account to change.
Moreover, the documentary evidence does not definitively establish that plaintiff waived the escrow agreement's requirements or ratified PAF's transfer of the funds out of escrow and into Kori Capital's account, as the transfer letter did not clearly manifest plaintiff's intent to relinquish the escrow agreement's protections (see Gilbert Frank Corp. v Federal Ins. Co. , 70 NY2d 966, 968 [1988]). Although the multiple communications between plaintiff and Kori Capital after the transfer indicated that plaintiff believed Kori Capital to have control over whether the funds could be refunded, those communications were also consistent with a belief that PAF maintained custody over the funds.
We agree with Supreme Court that it is premature to conclude that PAF is protected from liability by the limitation of liability and limitations of damages provisions in the purchasing agreement between plaintiff and Kori Capital. The limitation of liability provision includes an exception for situations, like the one here, in which PAF "fail[s] to . . . hold . . . [m]oney in accordance with the . . . [e]scrow [a]greement," and the limitation of damages provision contains an exception under which plaintiff may be indemnified under certain circumstances, none of which can yet be ruled out.
Similarly, we agree that it cannot yet be concluded that PAF discharged its fiduciary duty. Although the transfer letter communicated to plaintiff that the funds transfer would "have no impact on the terms of holding and release of the funds" under the parties' agreements, including the escrow agreement, PAF appears to have been aware that the transfer would remove the funds from escrow. In addition, although PAF's Chief Executive Officer averred in an affidavit that PAF had informed plaintiff of the transfer's consequences[*2], plaintiff submitted an affidavit from its Chief Financial Officer disputing the CEO's version of events.
We have considered PAF's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2023