22-1217
Endemann v. Liberty Ins. Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-three.**

**PRESENT:**

> **RICHARD C. WESLEY,**
> **MICHAEL H. PARK,**
> **MYRNA PÉREZ,**
> > *Circuit Judges.*

---

**Kyle Endemann,**

> *Plaintiff-Appellant*,

> **v.**                                           **22-1217**

**Liberty Insurance Corporation,**

> *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**                     ALAN J. PIERCE, Hancock Estabrook, LLP, Syracuse, N.Y.

**FOR DEFENDANT-APPELLEE:**                     JONATHAN SCHAPP (Ashlynn M. Capote, *on the brief*), Goldberg Segalla LLP, Buffalo, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Kyle Endemann's basement flooded on February 21, 2014. He submitted a claim under his homeowners insurance policy to his insurer, Liberty Insurance Corporation ("Liberty"), which paid him $10,500, the policy limit under an endorsement capping recovery for damage from sump pump overflows. The insurance policy contained a limitations clause requiring that an "action . . . brought against" Liberty be "started within two years after the inception of the loss," where "inception of the loss means the date on which the direct physical loss or damage occurred."[1] Appellee's App'x at SA-35. The parties agree that this limitations period expired on February 21, 2016. Between April and June of 2017, Endemann unsuccessfully requested that his original claim be "widen[ed]" and "re-examined." App'x at 189, 358. He then sued Liberty on January 18, 2018, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and a violation of New York General Business Law § 349's prohibition of deceptive business practices. The district court (Hurd, *J.*) granted summary judgment to Liberty, finding that all of Endemann's claims were barred by the policy's limitations clause or New York's three-year statute of limitations on section 349 actions. Endemann appeals, arguing that Liberty was equitably estopped from asserting limitations-period defenses and, in the alternative, that the policy's

---

[1] Generally, under New York law, actions for breach of contract are subject to a six-year statute of limitations. N.Y. C.P.L.R. § 213(2). However, parties to a written contract may prescribe a shorter limitations period. *Id.* § 201. Here, Endemann does not dispute that claims under his policy are subject to a valid two-year limitations period.

limitations clause did not apply to the implied-covenant claim. We assume the parties' familiarity with the facts, the procedural posture, and the issues on appeal.

"We review the district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Booker v. Graham*, 974 F.3d 101, 106 (2d Cir. 2020) (quoting *Ya-Chen v. City Univ. of N.Y.*, 805 F.3d 59, 69 (2d Cir. 2015)). We affirm the district court's grant of summary judgment.

First, we agree with the district court that Endemann failed to show a genuine dispute as to any fact material to his equitable estoppel argument, and that his breach-of-contract and section 349 claims were barred by their respective two- and three-year limitations periods.[2] Endemann concedes that his breach-of-contract and section 349 claims were untimely absent an equitable-estoppel exception. "Equitable estoppel is an extraordinary remedy," *Pulver v. Dougherty*, 871 N.Y.S.2d 495, 496 (3d Dep't 2009), that precludes a defendant who has "take[n] affirmative steps to prevent a plaintiff from bringing a claim . . . [from] assert[ing] the statute of limitations as a defense," *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006). A plaintiff invoking equitable estoppel must show that (1) the "plaintiff was induced by fraud, misrepresentations or deception to refrain

---

[2] We consider only the evidence of conduct before expiration of the applicable limitations periods. *See Gilbert Frank Corp. v. Fed. Ins. Co.*, 70 N.Y.2d 966, 968 (1988) ("[S]ince the conduct complained of occurred subsequent to expiration of the limitations period, plaintiff could not have relied on that conduct in failing to timely commence its action."); *see also O&E Growers, Inc. v. Selective Ins. Co. of Am.*, 331 F. App'x 52, 54 (2d Cir. 2009) (noting that communications "after the limitations period expired" are irrelevant to an estoppel analysis because they "could have had no impact on [the plaintiff's] decision not to bring th[e] claim"). Endemann's claims for breach of contract and breach of the implied covenant of good faith and fair dealing are subject to a two-year limitations period, as discussed below, and his claim under section 349 is subject to a three-year statute of limitations, as provided by section 214(2) of the New York Civil Practice Law and Rules.

3

from filing a timely action," *id.*; (2) the plaintiff reasonably relied on the defendants' misrepresentations, *see id.*; and (3) the plaintiff exercised "'[d]ue diligence . . . in bringing [an] action' . . . within a reasonable period of time after the facts giving rise to the . . . equitable estoppel claim 'have ceased to be operational,'" *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (second alteration in original) (quoting *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 569 (3d Dep't 2005)).

Endemann provides no evidence that Liberty induced his failure to sue on time. As the district court explained, "[n]one of the evidence . . . suggests at any point that [Liberty] was still considering paying [Endemann] more than the $10,500." *Endemann v. Liberty Ins. Corp.*, 602 F. Supp. 2d 322, 328 (N.D.N.Y. 2022). Liberty's further communications with Endemann regarded its subrogation action against Endemann's neighbor, not Endemann's first-party claim against Liberty. *See id.*; *cf. Sportsinsurance.com, Inc. v. Hanover Ins. Co.*, No. 21-1967, 2022 WL 16706941, at *4 (2d Cir. Nov. 4, 2022) (noting that a "bare allegation that [an insurer] stated it was open to additional information" in support of a claim does not estop the insurer from relying on a limitations period). Additionally, Endemann fails to point to evidence indicating that he relied on Liberty's alleged misrepresentations. Instead, the record indicates that he relied on the advice of his advisors in pursuing recovery from his neighbor instead of Liberty. Thus, Liberty was not equitably estopped from raising its limitations-period defenses.

Second, Endemann's implied-covenant claim was subject to the same two-year limitations period as his breach of contract claim. The limitations period broadly applied to any "action . . . brought against" Liberty and as measured from "the date on which the direct physical loss or damage occurred." Appellee's App'x at SA-35. The limitations period for the implied-

4

covenant claim was thus two years and began to run on February 21, 2014. *See Schunk v. N.Y. Cent. Mut. Fire Ins. Co.*, 655 N.Y.S.2d 210, 212 (4th Dep't 1997) ("Because the [insurance policy's] limitations period had expired, the cause of action based upon breach of the implied covenant of good faith and fair dealing is . . . time-barred."); *cf. Sportsinsurance.com*, 2022 WL 16706941, at *5 (holding that a contractual limitations period applied equally to a breach-of-contract claim and an implied-covenant claim because both claims originated from the same "loss"). This is consistent with the principles that a "breach of the implied covenant . . . is a contract claim" and that such a claim "may not be used as a substitute for a nonviable claim of breach of contract." *Smile Train, Inc. v. Ferris Consulting Co.*, 986 N.Y.S.2d 473, 475 (1st Dep't 2014) (internal quotation marks omitted); *accord NewSpin Sports, Inc. v. Arrow Elecs., Inc.*, 910 F.3d 293, 305 (7th Cir. 2018) (applying New York law).[3] Thus, Endemann's implied-covenant claim is also untimely because it was filed after the expiration of the applicable statute of limitations.[4]

---

[3] Endemann's argument that the district court's resolution of this issue contradicted its decision on a motion to dismiss, and thus violated law-of-the-case principles, fails because the motion-to-dismiss order did not address whether the contractual limitations period applied to the implied-covenant claim. *See Endemann v. Liberty Ins. Corp.*, 390 F. Supp. 3d 362, 379 (N.D.N.Y. 2019). Moreover, the district court invited Liberty to "renew its suit-limitations defense on summary judgment or at trial." *Endemann v. Liberty Ins. Corp.*, No. 18-CIV-701, 2020 WL 5027241, at *3 (N.D.N.Y. Aug. 25, 2020).

[4] We also affirm the district court's denial of Endemann's motion to preclude Liberty's expert testimony as moot because the district court did not rely on it in its summary judgment ruling.

We have considered all of Endemann's remaining arguments and find them to be without merit.    For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6