Matter of Owen Steel Co., Inc. v City Univ. of N.Y. (2025 NY Slip Op 00920)

Matter of Owen Steel Co., Inc. v City Univ. of N.Y.

2025 NY Slip Op 00920

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Index No. 159033/21 Appeal No. 3721 Case No. 2023-00841 

[*1]In the Matter of Owen Steel Company, Inc., Petitioner-Appellant,
v
City University of New York et al., Respondents-Respondents.

Kaufman Dolowich, LLP, Woodbury (Erik A. Ortmann of counsel), for appellant.
Letitia James, Attorney General, New York (Anthony R. Raduazo of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered January 13, 2023, which denied the petition to annul the June 4, 2021 determination of respondents City University of New York, City University Construction Fund, and Hector Batista in his Capacity as Vice Chancellor of the City University of New York (collectively, CUNY) to deny petitioner's request for payment of change orders, to compel CUNY to grant petitioner's appeals of two subcontract disputes, and to direct CUNY to reverse back charges issued in connection with one of the disputes, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination of the CUNY Vice Chancellor was not arbitrary and capricious or affected by an error of law (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). In the first dispute, petitioner sought the approval of proposed change orders seeking monetary compensation for all costs it incurred from delays in the performance of its subcontract, which were caused by CUNY's failure to have the site ready for petitioner to perform its work within the time specified. CUNY had approved two change orders that covered petitioner's crane rental costs, and those orders noted that additional costs would be submitted under separate cover.
Petitioner did not argue before the CUNY Vice Chancellor that its claim sought a change order as to the method and manner of performance, instead of damages arising from delay. Thus, this argument may not be raised for the first time before this Court (see Matter of Peckham v Calogero, 12 NY3d 424, 430 [2009]). In any event, rider B to the subcontract bars both damages for delay and escalations in labor and materials costs, and petitioner does not argue that any court-recognized exceptions to the no-damages-for-delay clause apply (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986]; WDF, Inc. v Trustees of Columbia Univ. in the City of N.Y., 170 AD3d 518, 519 [1st Dept 2019]).
The Vice Chancellor rationally found that the two approved change orders harmonized the general bar to delay damages with the trade scope checklist provision of the subcontract's rider A, which allowed an "up charge for cranes" should respondents not provide written notice of the start date within the time allotted. The Vice Chancellor also rationally found that this provision creates an exception to the no-damages-for-delay clause that does not encompass the remainder of petitioner's claimed additional costs. There is no triable issue of fact as to whether the Vice Chancellor's interpretation of this provision was irrational (cf. CPLR 7804[h]).
Moreover, the Vice Chancellor's finding that CUNY did not waive the no-damages-for-delay clause in the approved change orders, prepared by the nonparty construction manager, was not [*2]irrational. The change orders did not explicitly state that there would be additional adjustments (cf. Plato Gen. Constr. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y., 89 AD3d 819, 825 [2d Dept 2011], lv denied 19 NY3d 803 [2012]). Moreover, the note that petitioner's additional charges would be submitted under separate cover does not demonstrate a clear manifestation of intent to waive the bar on delay damages (see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968 [1988]; see also Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]).
In the second dispute, petitioner sought approval of a proposed change order regarding the installation of permanent steel handrails on certain stairs. In this proceeding, petitioner then sought reversal of back charges that CUNY imposed to cover the costs of hiring other subcontractors to perform the handrail work that petitioner declined to do. The Vice Chancellor's interpretation of the relevant trade scope checklist provision was not irrational, as it does not clearly require petitioner to provide only temporary railings (see Matter of Peckham, 12 NY3d at 431; Matter of Pell, 34 NY2d at 231). Instead, it requires petitioner to furnish all railings as shown on the drawings, except that "[w]here stainless steel handrails or guardrails are shown" petitioner "is to provide TEMPORARY hand rails." The drawings at issue show that the railings in question were not supposed to be stainless steel; therefore, it was rational to find that
they were within petitioner's original scope of work (see Iberdrola Energy Projects v Oaktree Capital Mgt. L.P., 231 AD3d 33, 40 [1st Dept 2024]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025